MARIANNA LIME PRODUCTS COMPANY, a corporation, *Plaintiff in Error*, v. C. A. McKAY, *Defendant in Error*.

147 So. 264.

Opinion filed March 24, 1933.

Re-hearing denied April 10, 1933.

276

*John H. Carter* and *John H. Carter, Jr.*, for Plaintiff in Error;

*Carter & Pierce, W. J. Oven* and *James Messer, Jr.*, for Defendant in Error.

DAVIS, C. J.—Judgment was recovered against the plaintiff in error on its express undertaking in writing to pay, among other liabilities of the Florida Basic Rock Company, a certain promissory note in the sum of $2,000.00. The declaration in substance alleged that while a suit was pending between C. A. McKay and the Florida Basic Rock Company, upon a note executed by that company to Couch & Mosehell, Inc., and owned by McKay, Marianna Lime Products Company bought from the stockholders of the Florida Basic Rock Company all of its stock, and as part of the consideration for the trade, expressly agreed in writing under seal, to assume and pay off, as a part of the liabilities of Florida Basic Rock Company, the note for the amount of which the judgment appealed from in this case was recovered.

The rule in this State is that when a contract shows that it was intended to be for the benefit of a third party, such

third party may, under Section 4201 C. G. L., 2361 R. G. S.*
sue thereon. In such cases the test is, not that the promisee
is liable to the third person, or that there is some privity be-
tween them, or that some consideration moved from the
third person, but that the parties to the contract intended
that a third person should be benefitted by the contract. It is
the undertaking on the part of the promisor, as a consid-
eration to the promisee, to benefit the third person, that
gives rise to a cause of action by the beneficiary against the
promisor, resting upon the contract itself. American
Surety Co. of N. Y. v. Smith, 100 Fla. 1012, 130 Sou. Rep.
440; Enns-Halbe Co. v. Templeton, 101 Fla. 609, 135 Sou.
Rep. 135. See also Dean v. Walker, 107 Ill. 540, 47 Am.
Rep. 467; Tweeddale v. Tweeddale, 116 Wis. 517, 93 N.
E. Rep. 440.

Under the foregoing rule which is based on our statutes,
where A contracts with B to pay a debt due from C to D,
D can maintain an action against A on the contract in the
event of A's default, as much so as if the contract were
merely one by which A contracts with B to pay a debt B
owes to C. The case of Luria v. Bank of Coral Gables,
106 Fla. 175, 142 Sou. Rep. 901, is not to the contrary,
since the aforementioned proposition was merely adverted

---

*Section 4201 C. G. L., reads as follows: "Any civil action at law
may be maintained in the name of the real party in interest.
This shall not be deemed to authorize the assignment of a thing
in action not arising out of contract. An executor, administrator,
trustee of an express trust (including a person with whom or in
whose name contract is made for the benefit of another, or when
expressly authorized by statute), may sue without joining with
him the person for whose benefit the action is prosecuted.

"By amendment the nominal plaintiff may be stricken out and
the case may proceed in the name of the use plaintiff."

to, but was not decided in that case, a decision of the point being unnecessary to a disposition of that suit.

The obligation sued on, as shown by the declaration in this case, was that in consideration of the trade being consummated between Marianna Lime Products Company and the stockholders of Florida Basic Rock Company, the Marianna Lime Products Company would and did assume and agree to pay a certain promissory note held by C. A. McKay as endorsee against Florida Basic Rock Company as maker. The suit here was not on the note itself, which is material only as fixing the amount of liability assumed by Marianna Lime Products Company under its sealed contract of August 6, 1930. The suit is therefore on the contract of assumption itself as made by Marianna Lime Products Company. In suing on the contract, C. A. McKay, the plaintiff below, was proceeding under the statute which entitled him to maintain the present suit as the real party in interest under the contract to the extent of the Marianna Lime Products Company's assumed liability to pay the Florida Basic Rock Company's note of which McKay was holder when the contract was made. So the demurrer to the declaration was properly overruled. Enns-Halbe Co. v. Templeton, (Fla.) *supra.*

The next proposition relied on by plaintiff in error for reversal of the judgment, is with reference to the pleas held bad on demurrers interposed by plaintiff below.

The action by McKay was on the contract that had been entered into between the stock-holders of Florida Basic Rock Company on the one hand and the Marianna Lime Products Company on the other. McKay was the real party in interest under that contract only to the extent of having the right to enforce the assumption of his note to the same extent, and to the same extent only, as the nomi-

nal party (the stock-holders) were entitled to have a recovery against Marianna Lime Products Company based on the breach of the contract of assumption entered into by Marianna Lime Products Company. Therefore, any defense which was available to Marianna Lime Products Company against its contractee (the stock-holders of Florida Basic Rock Company) was also available to it against McKay, who, though he had become the real party in interest, had become so only to the extent of having a legal right to such enforcement of the contract for his benefit, as the nominal parties (the stock-holders) could have enforced in their own behalf on the same covenant.

The real party in interest statute, *supra,* is permissive not mandatory. Its effect is not to change the contract, but to allow it to be enforced by a benefitted party who is a stranger to its execution. The real party in interest would not be entitled to sue on a contract to which he is a nominal stranger but for the permissive effect of the statute. So a recovery by the real party in interest is a recovery on the contract itself. The right to such recovery is no greater under the statute than the contract would warrant if enforced in a suit at law between the nominal parties. The statute does not work a novation, but simply avoids circuity of proceedings by allowing the one for whose benefit a contract is made, to the extent that he is a real party in interest under it, to recover whatever the contract and the extent of the interest he shows entitled him to recover.

Any defense available under the contract described in the declaration in this case, going to the avoidance of the assumption of McKay's particular unpaid note, as to which plaintiff sued as the real party in interest, and any defense going to the avoidance or destruction of the entire contract, was available to the defendant Marianna Lime Prod-

ucts Company. This much the defendant in error has in his briefs conceded* but contends that none of the pleas, as to which demurrers of plaintiff were sustained, can be brought within such rule.

Each of the pleas in question was a plea in recoupment of damages and each of them except the third amended plea was based upon an alleged breach of a verbal warranty asserted to have been made at the time of the consummation of the trade evidenced by the written contract sued on but not referred to therein. The third plea was for recoupment of damages for an alleged breach by the promisor of a term of the written contract itself.

A plea of recoupment is purely defensive. It rests on the principle of allowing evidence in reduction of the plaintiff's damages to be introduced, where the plaintiff sues on a contract consisting of mutual stipulations made at the same time, the defendant being allowed to defend against the plaintiff's claim for damages by recouping his own damages that are alleged to have arisen by reason of plaintiff's breach of another part of the same contract, whether the contract consists of one or several parts. Payne v. Nicholson, 100 Fla. 1459, 131 Sou. Rep. 324; Jarrett Lumber Co. v. Reese, 66 Fla. 137, 63 Sou. Rep. 581; Delco Light Co. v. Hutchinson Properties, 99 Fla. 410, 128 Sou. Rep. 831. A plea of recoupment implies that plaintiff has a cause of action, but asserts that defendant, too, has a counter cause of action growing out of a breach of some other part of the same contract on which plaintiff's action is founded, or from some other cause connected with that contract. See 57 C. J. 358.

---

*See 13 C. J. 629; 6 R. C. L. 886; Meridian Life & Trust Co. v. Eaton, 41 Ind., App. 118, 81 N. E. Rep. 667, 82 N. E. Rep. 480; Fish v. First Nat. Bank, 150 Fed. 524.

The first two amended pleas declared on an alleged breach of an independent verbal warranty. While it is not essential that a warranty in the sale of a chattel be in writing (55 C. J. 675) and the existence of a separate oral agreement as to any matter on which a written contract is silent, and which is not inconsistent with its terms, may be proved by parol, if under the circumstances of the particular case it may be properly inferred that the written paper was not intended to be a complete and final statement of the whole transaction between them, and it appears further that the oral agreement is wholly collateral and relates to a subject distinct from that to which the written contract applies (Seitz v. Brewers' Refrigerating Mach. Co., 141 U. S. 510, 12 Sup. Ct. 46, 35 L. Ed. 837), we are unable to say in this case that it does not appear in this case that the written contract sued on was not intended to be a complete and final statement of the whole transaction between the parties.

If an agreement in writing is such that it may be properly inferred from it that the written statement (which in this case was under seal and therefore of solemn character) was intended by the parties to it to be a complete and final statement of the whole transaction between the parties, the effect of the writing is to render inadmissible an attempted showing of an independent verbal warranty concerning the subject matter of the written agreement, when the written agreement is regarded as completely covering the subject dealt with, and is silent on the subject of any such warranties. Bryan v. St. Andrews Bay Community Hotel Corp., 99 Fla. 132, 125 Sou. Rep. 142; Compare; Supervisors, Inc., v. Arcadia Citrus Growers Ass'n, 101 Fla. 804, 135 Sou. Rep. 296. So the first two amended

pleas properly went out on demurrer under application of the foregoing rule.

The third, or last amended plea, while attempting to set up a recoupment of damages based on a term of the written contract, was insufficient to show a breach of that contract in that the claim of breach relied on in the plea, related wholly to an unliquidated demand against the Florida Basic Rock Company by the Southern States Power Company. Such a demand, in and of itself, would not constitute a cause of action in favor of Marianna Lime Products Company against its promisor under the contract sued on in this case. Therefore at the time the plaintiff's demurrer was sustained to the third amended plea there was no right of recoupment shown.

It follows from what has been said that the judgment of the Circuit Court was without error and must be affirmed.

Affirmed.

WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.