221 So.2d 784 (1969)
The FLINTKOTE COMPANY, a Foreign Corporation Authorized to Do Business in the State of Florida, Appellant,
v.
The BREWER CO. OF FLORIDA, INC., a Florida Corporation, and Asphalt Paving Company, a Division of Gulf Coast Paving Co., Inc., a Mississippi Corporation Authorized to Do Business in the State of Florida, Appellees.
No. 68-695.
District Court of Appeal of Florida. Third District.
April 22, 1969.
Feibelman, Friedman, Hyman & Britton, Miami, for appellant.
Quinton, Leib, Parks & Aurell, Miami, for appellees.
Before CHARLES CARROLL, C.J., and PEARSON and BARKDULL, JJ.
*785 PER CURIAM.
The appellee, the Brewer Company of Florida, Inc., entered into a contract with the United States Air Force to make certain repairs to airplane landing strips and taxi areas at Homestead, Florida, Air Force Base. The appellant Flintkote Company had quoted Brewer a price of 53 or 54 cents per gallon for a required tar-rubber binder material, but no contract for the purchase thereof was made between Brewer and Flintkote.
Brewer entered into a subcontract with the appellee Asphalt Paving Company to supply, mix and install the rubberized binding according to specifications called for in the main contract, and in connection therewith Brewer requested that Asphalt give consideration to Flintkote in obtaining the material in question.
Asphalt (the subcontractor) and Flintkote entered into an oral purchase contract for (approximately) 80,000 gallons of the material at a price of 49.7 cents per gallon. Thereafter it was learned that the Flintkote product would not meet one of the essential specifications for such material, of which specification Flintkote had previously been made aware. The Air Force refused a request forwarded by Flintkote for waiver of such specification. Flintkote, unable to perform, defaulted. Thereupon, Brewer, the general contractor, purchased the required material elsewhere. The quantity thus acquired and used on the job was 84,027 gallons. The amount expended therefor by Brewer exceeded the Asphalt-Flintkote contract price by $9,747.13. See § 672.2-712 Fla. Stat., F.S.A.
Both Brewer and Asphalt sued Flintkote for recovery of the excess cost. The cause was tried without a jury, and judgment was entered in favor of both plaintiffs for the said amount plus interest. Flintkote appealed.
Appellant contends the record fails to show a contract between it and either Brewer or Asphalt. On examination of the record we conclude that the alleged contract between Asphalt and Flintkote was clearly established in the evidence. The contention of the appellant that the evidence disclosed no such contract between Brewer and Flintkote for the purchase of the material is borne out by the record. We hold, however, that on the facts disclosed as to the nature and purpose of the Asphalt-Flintkote contract, Brewer was entitled to bring suit against Flintkote as a third party beneficiary. See American Surety Co. of New York v. Smith, 100 Fla. 1012, 130 So. 440; Bruce Const. Corporation v. Federal Realty Corp., 104 Fla. 93, 139 So. 209; Marianna Lime Products Co. v. McKay, 109 Fla. 275, 147 So. 264; Auto Mut. Indemnity Co. v. Shaw, 134 Fla. 815, 184 So. 852; DiCamillo v. Westinghouse Electric Corp., Fla.App. 1960, 122 So.2d 499, 500-501.
The failure of Flintkote to perform did not relieve Asphalt of its obligation under its subcontract with Brewer to supply the material, and if Asphalt had purchased the material elsewhere at added cost it would have had a cause of action for the excess cost. The issue, as to whether Flintkote in contracting with Asphalt to supply the material was aware of the required specification which its product could not meet, was resolved by the trier of facts against Flintkote. The decision of the trial court on that issue is supported by substantial competent evidence.
If Brewer had passed on the extra expense to Asphalt, then Asphalt could recover and Brewer could not. However, the record shows that upon purchasing the material elsewhere Brewer made it available to Asphalt, which then proceeded to process and apply it on the project as provided for in its subcontract. If, as necessarily implied because of Brewer's purchase of the material elsewhere and its action to recover the excess cost, it was Brewer rather than Asphalt which sustained the loss, then Asphalt, having been put to no extra cost for *786 the material could show no loss, and therefore no basis for recovery.
For the reasons stated, the judgment in favor of Brewer against Flintkote is affirmed, and the judgment entered in favor of Asphalt against Flintkote is reversed.
Affirmed in part and reversed in part.