437 F.2d 1329
 STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, etc.,
Plaintiff-Appellee,
v.
Paul A. GIGON, individually, as father of Paula Mary Gigon,
deceased, et al., Defendants-Appellants.
No. 30473 Summary Calendar.*
*Rule 18, 5 Cir. See Isbell Enterprises, Inc
v.
Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431
F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 Jan. 26, 1971.
 
 Mallory H. Horton, Alan R. Schwartz, Douglas M. Carlton, Horton & Schwartz, and Thomas J. Gaine, Miami, Fla., for appellants.
 Carey A. Randall, John H. Wahl, Jr., Richard J. Thornton, Walton Lantiff Schroeder, Garson & Wahl, Miami, Fla., for appellee.
 Before GEWIN, GOLDBERG and DYER, Circuit Judges.
 DYER, Circuit Judge:
 
 
 1
 Levi Lincoln and his wife Julia were the owners of a 1963 Dodge Dart and a 1964 Rambler. Each vehicle was separately insured by State Farm with limits of $10,000 for personal injuries sustained by one person, and $20,000 for injuries to two or more persons in one accident. On September 9, 1963, the Lincolns acquired another Dodge Dart automobile and notified State Farm's agent, but no application for coverage was submitted and no additional premium was ever billed or paid. On October 18, 1963, William Lincoln, the insureds' son, while driving the third automobile, collided with an automobile operated by Paula Mary Gigon. The collision resulted in her death and injuries to the passengers in her car. State Farm denied liability.
 
 
 2
 The Lincolns filed suit in the state court in which they sought a judicial determination that the third vehicle was covered by State Farm as a 'newly acquired automobile' under the existing policy on the other Dodge automobile. The state court obliged and held that the Lincolns could and did elect to have the newly acquired Dodge covered by the policy applicable to the Dodge already owned by them.
 
 
 3
 State Farm thereafter filed a conplaint in the District Court against the Lincolns and the tort claimants, the Gigons, the Miggins, and the Amlongs, for interpleader and declaratory relief and tendered $20,000 into the court registry. Upon stipulated facts, the Lincolns and the tort claimants contended that there were two policies and a binder in effect at the time of the accident and that the limits of liability in each policy and in the binder should be 'stacked' so that they would total $30,000 for one injured person and $60,000 for all persons injured in one accident. The trial judge found to the contrary and limited State Farm's liability to $20,000. The court also denied attorney's fees sought by the Lincolns. The Lincolns and the tort claimants appealed. We affirm.
 
 
 4
 The tort claimants' contention is simply that they are entitled to multiple coverage of the two policies and the binder issued by State Farm to the Lincolns. No authority to sustain this position has been furnished us, and we can find none to support it.
 
 
 5
 Somewhat obliquely the tort claimants suggest that the rationale of Continental Casualty Co. v. St. Paul Mercury Fire & Marine Insurance Co., S.D.Fla.1958, 163 F.Supp. 325, is applicable to this case and that we have put our imprimatur on Continental by our decisions in Consolidated Systems, Inc. v. Allstate Insurance Co., 5 Cir. 1969, 411 F.2d 157, 162-163, and in Motor Vehicle Casualty Co. v. Atlantic National Insurance co., 5 Cir. 1967, 374 F.2d 601, 603 & n. 7. But the rationale of Continental is clearly inapposite here, In that case two insurers had mutually repugnant excess coverage clauses. The District Court held each insurer liable pro-rata in proportion to the amount the policy bore to the combined total amount of both policies. Consolidated Systems, Inc., and Motor Vehicle Casualty Co. simply noted that Continental, in an Erie way, applied the Florida rule that two insurers become primarily liable if the policies have mutually repugnant excess coverage clauses. Obviously these cases are not persuasive.
 
 
 6
 The 'newly acquired automobile' clause of State Farm's policy covers an automobile acquired by the named insured provided State Farm insures all automobiles owned by the insured and he makes application for insurance on the newly acquired automobile within thirty days. The policy further provides:
 
 
 7
 If more than one policy issued by the Company could be applied to such automobile the named insured shall elect which policy shall apply.
 
 
 8
 When the Lincolns acquired the second Dodge automobile State Farm's policy plainly required them as the named insured to make an election since, at that time, they held two policies which could afford coverage. That is precisely what the Lincolns did by bringing the state court action to declare that the newly acquired Dodge was covered under the policy of the old Dodge. The Lincolns having prevailed in the state court, the tort claimants may not now attempt to set aside the Lincolns' election so that they may assert coverage under two policies. The tort claimants as third-party beneficiaries of the insurance contract between the Lincolns and State Farm, Shingleton v. Bussey, Fla.1969, 223 So.2d 713, 715, have no greater rights than the Lincolns. See Seward v. South Florida Securities, Inc., 5 Cir. 1938, 96 F.2d 964, 967; Marianna Lime Products Co. v. McKay, Fla.1933, 109 Fla. 275, 147 So. 264, 266.
 
 
 9
 The provision in the policy for an election may be of substantial benefit to the insured when there is larger coverage under one policy than under another. In any event the company made the condition subsequent election a Specific requirement so that if there were more than one policy, the limits of liability in each policy could not be 'stacked'-- precisely what the tort claimants here are attempting to do.
 
 
 10
 Allstate Insurance Co. v. Mole, 5 Cir. 1969, 414 F.2d 204, while dealing with nonowned automobiles rather than newly acquired vehicles, is akin to the case sub judice. In Allstate this Court held that the insurers' limit of liability with respect to a nonowned vehicle could not be increased to three times the stated policy limits because a single policy insured three owned automobiles. We perceive no signigicant difference between the issuance of a single policy multi-automobile coverage with a severability clause and the issuance by one company of separate policies on different automobiles with an election requirement clause. It would indeed be anomalous to hold that separate policies on separate cars would permit 'stacking,' while one policy covering two or more cars would preclude 'stacking.' See Greer v. Associated Indermnity Corp., 5 Cir. 1967, 371 F.2d 29.
 
 
 11
 The District Court correctly concluded that State Farm had fully complied with and discharged its obligations to the Lincolns under the policy provisions, and that the tort claimants had no expanded rights which they could assert. The other contentions made by the tort claimants have been considered and are without merit.
 
 
 12
 The Lincolns' argument that they are entitled to attorney's fees pursuant to the Florida statute[1] gives us little pause. The coverage question was litigated in the state court, and the Lincolns were properly awarded attorney's fees in that action. They are not entitled to recover attorney's fees again for their attempt in the District Court to relitigate the coverage question. The issue made by the complaint and the answers, and the issue agreed upon at the pretrial conference (which counsel for the Lincolns failed to attend), was whether the policies could be 'stacked.' When the District Court correctly found in favor of State Farm that its liability did not exceed the limits in one policy, that ended the matter adversely to the Lincolns, and they were consequently not entitled to an award of statutory attorney's fees.
 
 
 13
 Affirmed.
 
 
 
 [1]
 627.0127 F.S.A. provides:
 Upon the rendition of a judgment or decree by any of the courts of this state against an insurer in favor of an insured or the named beneficiary under a policy or contract executed by the insurer, the trial judge shall adjudge or decree against the insurer and in favor of the insured or beneficiary, a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had. Except, that without any prejudice or effect whatsoever as to suits relating to other kinds of insurance, no such attorney fee shall be allowed in any such suit based on a claim arising under a life insurance policy or annuity contract if such suit was commenced prior to expiration of sixty days after proof of the claim was duly filed with the insurer. Where so awarded compensation or fees of the attorney shall be included in the judgment or decree rendered in the case.