394 So.2d 1087 (1981)
John L. GOODELL et al., Appellants,
v.
K.T. ENTERPRISES, LTD., Appellee.
No. TT-242.
District Court of Appeal of Florida, First District.
March 10, 1981.
*1088 William H. Jeter, Jr., of Adams & Adams, Jacksonville, for appellants.
No appearance for appellee.
PER CURIAM.
Better Baked Foods, Inc. (Better Baked) appeals a judgment holding appellee is not liable to Better Baked as a third party beneficiary of a breached contract between appellee and Goodell. Goodell also appeals, advocating that instead of awarding him only his deposit on the contract, the trial court should have allowed Goodell "cover" under Section 672.712, Florida Statutes (1977). We agree with both contentions.[1]
Goodell initially contracted with appellee to build a continuous belt conveyor system.[2] The agreement provided that appellee would ship the unit to Better Baked and install it according to its direction. Tyler, appellee's president, admitted knowing the conveyor was for Better Baked's pizza freezing business. It was undisputed that the president of Better Baked discussed the design of the unit at length with Tyler. The record further indicates that in precontract negotiations, the sale was going to be directly with Better Baked. However, in the contract, Goodell indicated that "we" (obviously Better Baked and Goodell) had decided that Goodell would take title. Goodell paid $10,900 as a deposit on the contract. However, as the trial court found, the conveyor built by appellee did not meet the specifications. When it became apparent that satisfactory modifications could not be made, Goodell sent a mailgram to appellee informing Tyler that "we" decided to cancel the contract.[3] Goodell informed Tyler that if he returned the deposit money, the contract would be cancelled, and no other damages would be claimed. After approximately three weeks, Goodell sent another mailgram warning that if the deposit was not returned by December 15th, Goodell would "... sue for the deposit and for damages because of lost jobs, rent, extra expense because of delay, and the additional cost of another conveyor." However, the deposit was not returned. Goodell bought another continuous conveyor belt which was installed about five months later at a cost of $12,820 over Goodell's contract price. At trial, Better Baked presented evidence concerning its damages, including additional rental, overtime paid employees to fill orders for frozen pizzas, lost profits, and more.
The trial court found that Goodell was to purchase the equipment for use by Better Baked; that appellee breached the contract by failing to timely deliver and furnish the conveyor in compliance with the specifications; and that Goodell rescinded the contract and was entitled to return of his down payment with interest. The trial court ruled against Better Baked on the common law theory of third party beneficiary.
First, we think Goodell presented an unrebutted prima facie case for "cover" under Section 672.712 which provides:
(1) After a breach within the preceding section the buyer may "cover" by making *1089 in good faith and without unreasonable delay any reasonable purchase of or contract to purchase goods in substitution for those due from the seller.
(2) The buyer may recover from the seller as damages the difference between the cost for cover and the contract price together with any incidental or consequential damages as hereinafter defined (s. 672.715), but less expenses saved in consequence of the seller's breach.
(3) Failure of the buyer to effect cover within this section does not bar him from any other remedy.
There was no unreasonable delay in the purchase of the new unit because the unit had to be specially ordered. The unit clearly was bought as a substitute for appellee's unit. The testimony showed that the new unit and the unit contracted for were of the same general type. We note that we do not consider that Goodell's first mailgram waived his right to cover. First, return to the status quo obviously depended upon an immediate return of the deposit money. Further, as stated in Section 672.711:
(1) Where ... the buyer rightfully rejects or justifiably revokes acceptance then with respect to any goods involved, and with respect to the whole if the breach goes to the whole contract (s. 672.612), the buyer may cancel and whether or not he has done so may in addition to recovering so much of the price as has been paid:
(a) "Cover" and have damages under the next section as to all the goods affected whether or not they have been identified to the contract ...
Therefore, based upon the unrebutted proof at trial, we hold that Goodell is entitled to not only the return of his deposit money, but another $12,820, constituting the cost of cover.
We also find that appellee is liable to Better Baked as a third party beneficiary. As shown in the facts above, the precontract dealings of the parties, the contract itself, and the subsequent dealings between the parties show that the clear intent and purpose of the contract was to directly and substantially benefit Better Baked. See generally Marianna Lime Products Company v. McKay, 109 Fla. 275, 147 So. 264 (1933), stating the general law regarding third party beneficiaries. See also Flintkote Company v. Brewer Co. of Florida, 221 So.2d 784 (Fla.3d DCA 1969), cert. denied, 225 So.2d 920 (Fla. 1969), where Brewer, a general contractor, was held entitled to bring suit against Flintkote as a third party beneficiary where Flintkote failed to deliver on a contract between it and Brewer's subcontractor, although no contract existed between Brewer and Flintkote.
Although we hold that the unrefuted evidence shows Better Baked is entitled to sue appellee for damages as a third party beneficiary, we decline to rule as to the amount of damages, if any, which should be awarded. The evidence in this regard is infused with factual determinations which should properly be made by the trial court.
Accordingly, the cause is REVERSED and REMANDED for entry of a final judgment not inconsistent with this opinion, to include a determination based upon the existing record of the amount of damages, if any, incurred by Better Baked.
McCORD, SHIVERS and JOANOS, JJ., concur.
NOTES
[1] Unfortunately, we have not been favored with a brief from appellee. This court granted appellee's attorney permission to withdraw after we assured ourselves that reasonable means had been exhausted in an effort to notify appellee of the pending motion to withdraw.
[2] Goodell owns some of Better Baked's stock, is on the Board of Directors, and is the company attorney. Apparently he took title to the unit as security for a loan to Better Baked for expansion.
[3] A meeting was held between Goodell, Better Baked and Tyler, concerning possible modifications. Subsequently, Better Baked told Goodell to cancel the contract.