HENDRY, Judge.
Appellant Paltuco, plaintiff below, appeals from a summary judgment for defendants Percy Wilson and National Life Insurance Company (National) based on the trial court’s determination that Paltuco’s cause of action was founded on an oral agreement and was barred by the four year statute of limitations. We reverse.
*344 The present litigation evolves from the failure of the financing for development of an apartment complex known as Silver Lake Phase II. Sidney Paley and Allen Tucker, principal stockholders of Paltuco, deeded the parcel for Phase II to a land trust at Barnett Bank with Dr. Robert Cornfeld as beneficiary. Thereafter, Paley and Tucker executed a loan application to Percy for financing on Phase II. The application designated Paltuco as the mortgagor and provided that Paley and Tucker would personally guarantee the loan.
National offered to purchase the loan and Percy accepted subject to the proviso that, in lieu of Paltuco, the mortgagor be a limited partnership with Dr. Cornfeld acting as a general partner. The letter also noted that:
This commitment, as it pertains to the Phase II loan, shall expire on June 12, 1974. However, for the purpose of obtaining the rent roll and disbursing the balance of the Phase II loan proceeds, the commitment shall remain operative through October 30, 1974.
The letter of commitment did not alter the personal liability of Paley and Tucker. Counsel for Paltuco executed copies of the loan commitment and forwarded the necessary deposit.
Percy requested certain amendments to the commitment including an extension of the June 12, 1974 disbursement date. National alleges that it agreed to some changes but not to extension of the commitment. Also at that time, Percy requested that the National Bank in St. Petersburg reissue a letter of credit with
an expiration date of November 30, 1974, in lieu of the present expiration date of May 2, 1974. This request has been initiated by the end investor, National Life Insurance Company, due to the fact that the commitment on the ... loan runs through October 30, 1974, and they wish the letter of credit to remain operative. ...
Construction proceeded and in May of 1974 Paley learned that the land trust was not going to accept delivery of the apartments. According to Paltuco, all agreed that Paltuco would take back title and be substituted on the loan commitment. Percy requested certain documents from Paley to effect this change. Although Dr. Cornfeld indicated by letter to Percy that upon execution of the mortgage the bank would convey the property to Paltuco, the transfer never occurred.
On October 18, 1974, National notified Paltuco that the commitment had expired. By letter of November 1, 1974, Percy also advised Paltuco that the commitment was cancelled.
Paltuco filed suit on September 6, 1979, alleging that a novation had occurred in that Percy had agreed to substitute Paltuco as mortgagor and title holder. Count II was directed to National.
National and Percy both raised the defense of statute of limitations. The trial court entered summary judgment, finding that Paltuco was travelling on an oral agreement between itself and a third party by which it was to receive the benefits of a written agreement between defendants and the third party, and since suit was filed more than four years after the oral agreement, it was barred by the statute of limitations.
As intended third party beneficiary of the mortgage loan commitment, which intention is clearly evidenced by the parties’ dealings, Thompson v. Commercial Union Insurance Co. of New York, 250 So.2d 259 (Fla.1971); Goodell v. K. T. Enterprises, Ltd., 394 So.2d 1087 (Fla. 1st DCA 1981); Cooper v. IBI Security Service of Florida, Inc., 281 So.2d 524 (Fla. 3d DCA), cert. denied, 287 So.2d 95 (Fla.1973); Flintkote Co. v. Brewer Co. of Florida, 221 So.2d 784 (Fla. 3d DCA), cert. denied, 225 So.2d 920 (Fla.1969), see generally Marianna Lime Products Co. v. McKay, 109 Fla. 275, 147 So. 264 (1933), appellant Paltuco’s cause of action is based on the written agreement and is governed by the five year limitation period of section 95.11(2), Florida Statutes, rather than the four year limitation period of section 95.11(3), as applied by the trial *345 court in granting summary judgment for co-defendants Percy Wilson and National Life Insurance Company.
Material issues of fact also remain relative to (a) whether there was an agency relationship between Percy Wilson and National; (b) whether National bound itself on the written commitment either through its own actions or through the actions of Percy Wilson as its agent; and (c) whether National’s obligation as end investor pursuant to the loan commitment was extended to October 30, 1974 by the letter from Percy Wilson to the National Bank requesting reissuance of a letter of credit to National with an expiration date of November 30, 1974. If upon remand it is determined that Percy Wilson was not National’s agent and National was not obligated under the written loan commitment, a verdict shall be directed in National’s favor.
The summary judgment entered in favor of appellees Percy Wilson and National Life Insurance is reversed and the cause is remanded for further proceedings not inconsistent herewith.
Reversed and remanded with directions.