639 So.2d 186 (1994)
HORIZON IMAGES, INC. and John Spatuzzi, Appellants,
v.
DELTA COLOR GRAPHICS, INC., et al., Appellees.
No. 93-0440.
District Court of Appeal of Florida, Fourth District.
July 6, 1994.
*187 Peter V. Fullerton of Padgett & Shaw, Coral Gables, for appellants.
Jan A. Yelen of Yelen & Yelen, P.A., Coral Gables, for appellee-Clark Bros. Die Service, Inc.
PER CURIAM.
Horizon Images, Inc. appeals the order of the trial court dismissing its complaint against Clark Bros. Die Service, Inc. with prejudice. Horizon had contracted with Delta Color Graphics, Inc. for the printing and manufacture of calendars. Delta subcontracted many aspects of the job to subcontractors, including appellee, Clark Bros. Horizon sought recovery against Clark Bros. for breach of contract under a third party beneficiary theory. On its first attempt to state a third party beneficiary cause of action, the trial court dismissed with prejudice. We reverse.
In order for a third party to maintain a breach of contract, the parties must have clearly intended that the contract directly and substantially benefit the third party. Thompson v. Commercial Union Ins. Co., 250 So.2d 259 (Fla. 1971). Jacobson v. Heritage Quality Const., 604 So.2d 17 (Fla. 4th DCA 1992), and Weimar v. Yacht Club Point Estates, Inc., 223 So.2d 100 (Fla. 4th DCA 1969). In our opinion while the complaint in question lacked necessary allegations to state a cause of action under a third party beneficiary theory, it is possible that Horizon may be able to do so and it should be given that opportunity. See Jacobson at 18, citing Hamer v. Kahn, 404 So.2d 847 (Fla. 4th DCA 1981).
Our reversal should not be construed as a holding that one who purchases a product from a contractor, produced in part by subcontractors, can always sue the subcontractors as a third party beneficiary, because this is not the law. Publix Super Markets v. Cheesbro Roofing, Inc., 502 So.2d 484 (Fla. 5th DCA 1987), citing 4 A. Corbin, Corbin on Contracts § 779D, at 47 (1951), and Restatement (Second) of Contracts § 302 illustration 19 (1981). There must, as we stated above, be a clear intention in the contract between Delta and Clark Bros. to directly and substantially benefit Horizon, in order for Horizon to sue on the third party beneficiary theory.
Reversed.
WARNER, KLEIN and PARIENTE, JJ., concur.