770 So.2d 716 (2000)
HOLLYWOOD LAKES COUNTRY CLUB, INC., Appellant,
v.
COMMUNITY ASSOCIATION SERVICES, INC., Appellee.
No. 4D00-148.
District Court of Appeal of Florida, Fourth District.
October 25, 2000.
*717 Catherine Rafferty, Fort Lauderdale, for appellant.
No brief filed on behalf of appellee.
WARNER, C.J.
A developer sued the management association that provided management services for the community it had developed. The complaint brought causes of action for breach of contract based upon a third-party beneficiary theory, for fraudulent misrepresentations to the developer, to recover amounts paid by the developer to the management association under a theory that the developer was entitled to be subrogated to the rights of the community association, and negligence on the part of the management company in the performance of its contractual duties. The trial court dismissed the fourth amended complaint with prejudice. We reverse the dismissal as to the fraudulent misrepresentation and equitable subrogation counts but affirm the trial court's ruling with respect to the remaining counts.
The developer, Hollywood Lakes Country Club, Inc., developed Grand Palms, a residential community. On behalf of the community association of Grand Palms, the developer's president contracted with Community Association Services ("CAS") for the latter to provide management services and carry out all responsibilities of *718 the association as provided in its Declaration, Articles of Incorporation, and Bylaws. This included the collection and enforcement of assessments for common expenses. Pursuant to the association's declaration, the developer is responsible for any shortfalls of assessments over expenses of the association.
According to the allegations of the complaint, CAS misrepresented to the developer that it was effectively doing its job and was collecting and enforcing all community assessments, including sending out the appropriate assessment notices to homeowners and builders who were responsible for paying the assessments, causing the developer to refrain from independently acting to collect assessments. The complaint also alleges that CAS knew that these representations were false. Further, the complaint alleges that the developer incurred substantial liabilities due to its responsibility for shortfalls of assessments over expenses of the association because CAS failed to collect assessments and keep accurate accounting records.
Actionable fraud requires: "(1) a false statement concerning a material fact; (2) knowledge by the person making the statement that the representation is false; (3) the intent by the person making the statement that the representation will induce another to act on it; and (4) reliance on the representation to the injury of the other party." Lance v. Wade, 457 So.2d 1008, 1011 (Fla.1984); see also Frenz Enters., Inc. v. Port Everglades, 746 So.2d 498, 502-3 (Fla. 4th DCA 1999). Additionally, all averments of fraud must state the circumstances constituting fraud with such particularity as the circumstances may permit. See Fla. R. Civ. P. 1.120(b). The fourth amended complaint includes all of the necessary allegations to state a cause of action for fraud, and the court erred in dismissing this count of appellant's complaint.
We also reverse the dismissal of the count for equitable subrogation. This theory is appropriate when: (1) the subrogee made the payment to protect his or her own interest; (2) the subrogee did not act as a volunteer; (3) the subrogee was not primarily liable for the debt; (4) the subrogee paid off the entire debt; and (5) subrogation would not work any injustice to the rights of a third party. See National Union Fire Ins. Co. of Pittsburgh, Pa. v. KPMG Peat Marwick, 742 So.2d 328, 332 (Fla. 3d DCA 1999), decision approved by 765 So.2d 36 (Fla.2000) (citing Dade County Sch. Bd. v. Radio Station WQBA, 731 So.2d 638, 646 (Fla.1999)).
In National Union, the court reversed the dismissal of a complaint alleging a cause of action for equitable subrogation against an independent auditing company. The plaintiff, the surety on a bond, had paid the insured based upon losses the insured suffered as a result of the purchase of a corporation that had been audited by KPMG. The surety alleged that the audit had been negligently performed, thus failing to disclose the activities that led to the losses. The appellate court held that the complaint stated a cause of action for equitable subrogation, noting:
However, in the instant case, the equities must be balanced between the insurer and a third party, the independent auditors, where there is a claim of negligence. A New York case addressed the same argument and held that the superior equities doctrine favored a surety insurer being subrogated to the rights of the insured to proceed against the insured's accountants for negligence. See Federal Insurance Co. v. Arthur Andersen & Co., 75 N.Y.2d 366, 553 N.Y.S.2d 291, 552 N.E.2d 870 (1990). It is entirely fair and logical that insurer National Union might prove itself to have superior equities over KPMG, because otherwise KPMG would escape financial responsibility for its negligent auditing. Therefore, National Union can make a *719 claim against KPMG as an equitable subrogee.
National Union, 742 So.2d at 333.
In the instant case, a debt was due to the community association from individual homeowners. CAS was responsible for collecting that debt, and its negligence caused the loss of the assessments. The developer's payment of that debt allows it to succeed to the position of the original creditor, the association. The developer should be given the opportunity to show that the equities are in its favor in this action.
We affirm the dismissal of the count attempting to state a cause of action under a third party beneficiary theory. To state a cause of action under this theory, the complaint must allege: (1) a contract; (2) an intent that the contract primarily or directly benefit the third party; (3) breach of the contract; and (4) resulting damages to the third party. See Caretta Trucking, Inc. v. Cheoy Lee Shipyards, Ltd., 647 So.2d 1028, 1031 (Fla. 4th DCA 1994). As the contract attached to the complaint shows no intent to directly and substantially benefit the developer, the court correctly dismissed this cause of action. We also affirm the dismissal of this count because the developer has failed to plead sufficient facts to show that the contract between the association and CAS was intended to benefit the developer. See Horizon Images, Inc. v. Delta Color Graphics, Inc., 639 So.2d 186, 187 (Fla. 4th DCA 1994).
Finally, we also affirm the dismissal of the malpractice complaint because there was no allegation that CAS was a professional, and no privity of contract was alleged.
Affirmed in part; reversed in part; and remanded for further proceedings.
HAZOURI, J., and BARKDULL, THOMAS H., Associate Judge, concur.