814 So.2d 522 (2002)
Ken JENNE, as Sheriff of Broward County, Florida, Appellant,
v.
CHURCH & TOWER, INC., a Florida corporation, Broward County, a Political Subdivision of the State of Florida, and Liberty Mutual Insurance Company, Appellees.
No. 4D01-3860.
District Court of Appeal of Florida, Fourth District.
April 24, 2002.
*523 Edward J. Pozzuoli and Alexis M. Yarbrough, Tripp Scott, Fort Lauderdale, for appellant.
Mitchell W. Berger, David L. Ferguson, and Jeffrey S. Wertman of Berger Singerman, Fort Lauderdale, for appellee Church & Tower, Inc., a Florida corporation.
GROSS, J.
The issue in this case is whether the Sheriff of Broward County is a third-party beneficiary of a construction contract between the County and a construction company, so that the Sheriff may bring a breach of contract action against the company. We hold that, as a matter of law, the Sheriff was not an intended third-party beneficiary of the contracting parties, and affirm the dismissal of the amended complaint.
On February 8, 1996, Church & Tower entered into a $25.4 million contract with Broward County to design and construct a 1,024 bed facility, known as the North Broward Detention Center. The contract provided that the project was to be substantially completed within 548 days of the "project initiation" date. The anticipated completion date was October 4, 1997. Although Broward County began to occupy the facility in February 1998, a final Certificate of Occupancy was not issued until October 28, 1998.
On March 6, 2001, Sheriff Ken Jenne sued Church & Tower for breach of contract. He alleged that the delay in completing the facility caused him to incur *524 labor costs and expenses associated with transporting inmates to other counties, resulting in over $13 million in damages. The Sheriff based his suit on the contention that he was the intended third-party beneficiary of the contract between Broward County and Church & Tower.
Church & Tower moved to dismiss the complaint on several grounds, including that the Sheriff was not an intended third-party beneficiary under the contract and that his damages were barred by the liquidated damages clause of the contract. On July 13, 2001, the circuit court granted Church & Tower's motion without prejudice to file an amended complaint.
The Sheriff's amended complaint included more specific allegations concerning his third-party beneficiary status. Church & Tower again moved to dismiss. On August 20, 2001, the trial court dismissed the complaint with prejudice.
A cause of action for breach of a third-party beneficiary contract contains the following elements: (1) a contract between A and B, (2) the "clear"[1] or "manifest"[2] intent of A and B that the contract primarily and directly benefit the third-party (or class of persons to which that party belongs), (3) breach of the contract by either A or B, and, (4) damages to the third-party resulting from the breach. See Caretta Trucking, Inc. v. Cheoy Lee Shipyards, Ltd., 647 So.2d 1028, 1031 (Fla. 4th DCA 1994). As the supreme court has written:
In such cases the test is, not that the promisee is liable to the third person, or that there is some privity between them, or that some consideration moved from the third person, but that the parties to the contract intended that a third person should be benefited by the contract. It is the undertaking on the part of the promisor, as a consideration to the promisee, to benefit the third person, that gives rise to a cause of action by the beneficiary against the promisor, resting upon the contract itself.
Marianna Lime Prods. v. McKay, 109 Fla. 275, 147 So. 264, 265 (1933).
The issue here is whether the Sheriff pled sufficient facts to establish an intent by both Broward County and Church & Tower that the contract primarily and directly benefit him. See id.
Florida law looks to "nature or terms of a contract" to find the parties' clear or manifest intent that it "be for the benefit of a third party." Am. Sur. Co. of New York v. Smith, 100 Fla. 1012, 130 So. 440, 441 (1930). "[T]he language used in a contract is the best evidence of the intent and meaning of the parties." Boat Town U.S.A., Inc. v. Mercury Marine Div. of Brunswick Corp., 364 So.2d 15, 17 (Fla. 4th DCA 1978); accord Hollywood Lakes Country Club v. Cmty. Ass'n Servs., Inc., 770 So.2d 716, 719 (Fla. 4th DCA 2000) (affirming dismissal because "the contract attached to the complaint shows no intent to directly and substantially benefit the [third-party]") (emphasis added); Horizon Images, Inc. v. Delta Color Graphics, Inc., 639 So.2d 186, 187 (Fla. 4th DCA 1994) ("[T]here must ... be a clear intention in the contract between [the contracting parties] to directly and substantially benefit [the third-party], in order for [the third-party] to sue on the third-party beneficiary theory.") (emphasis added).
The Sheriff concedes that the Broward County/Church & Tower contract does not mention the Sheriff. Therefore, the Sheriff alleged facts which he argues demonstrate *525 the parties' intent that he primarily and directly benefit from the contract. First, the Sheriff points to a federal court decree which orders him to develop reorganization and jail population management plans for the jail system. Second, the Sheriff calls this court's attention to Broward County's request for construction proposals which states, "It is the intent of the County and the Broward Sheriff's Office that the program and schematic plans comply with the foregoing applicable laws...." Third, the Sheriff argues that the "most compelling" evidence of an intent is the proposal submitted by Church & Tower which he claims "acknowledges that [Church & Tower] needed the Sheriff's approval for performance under the contract and acknowledged that it would be working together with the Sheriff throughout the project." Finally, the Sheriff alleges that he purchased furniture for the jail, appointed Sheriffs Office personnel to the selection committee, and made decisions on site location and management.
These factors do not confer third-party beneficiary status on the Sheriff in this case. Negotiations and dealings between the parties cannot modify a written contract to create the parties'"intent" when the lack of such intent is evident from the contract. The primary Florida case cited by the Sheriff is limited in its holding. Warren v. Monahan Beaches Jewelry Center, Inc., 548 So.2d 870 (Fla. 1st DCA 1989), involved a man who bought a diamond ring for his fiancée from a jeweler. During a repair, the jeweler replaced the diamond with cut glass. There was no written contract, so the first district looked to the "precontract dealings" between the man and the jeweler and the "subsequent dealings" between the fiancée and the jeweler to discern the parties' intent that the contract "primarily and directly" benefit the fiancée. Unlike this case, where there was a detailed written contract, Warren involved a contract implied in fact, where terms of the contract were "not put into promissory words with sufficient clarity," so that a fact finder would be required to "examine and interpret the parties' conduct to give definition to their unspoken agreement." Commerce P'ship 8098 Ltd. v. Equity Contracting Co., 695 So.2d 383, 385 (Fla. 4th DCA 1997).
The very nature of this contract precludes the Sheriff from assuming third-party beneficiary status. The Broward County/Church & Tower contract involved the construction of a public facility funded by the County. The contract was intended to directly and primarily benefit the citizens of Broward County, not the Sheriff, the public servant charged with operating the detention center. The Sheriff received only "incidental or consequential benefit from its enforcement," so he was precluded from suing for a breach of it. Am. Sur. Co., 130 So. at 441; accord Metro. Life Ins. Co. v. McCarson, 467 So.2d 277, 279 (Fla.1985).
Cases where third-party beneficiary status has been upheld do not involve contracts with such an obvious public purpose. In Goodell v. K.T. Enterprises, Ltd., 394 So.2d 1087 (Fla. 1st DCA 1981), the contract called for the delivery of a continuous belt conveyor system to a baker of frozen pizzas, who was able to enforce the contract as a third-party beneficiary against the seller of the system. Marianna Lime Products involved one party's agreement to pay the debt of the other; the supreme court held that the creditor could enforce the contract as a third-party beneficiary. 147 So. at 265.
"The real test is said to be whether the contracting parties intended that a third person should receive a benefit which *526 might be enforced in the courts." 17A. AM.JUR. 2D Contracts § 440 (1991) (emphasis added). Here, the amended complaint and attachments show no such intent. The parties to the contract are the County and Church & Tower. The project was funded with over $25 million in county funds. Article 11 of the contract contemplates that there might be disputes between the contractor and the County and provides a procedure for dispute resolution. Article 27, concerning "Defective Work," gives the county, not the Sheriff, the right to notify the contractor to make corrections. Finally, Article 6.2 of the contract contains a liquidated damages provision for the failure to complete the project by the substantial completion date. The Sheriff seeks damages in this case arising from a delay in completing the facility. The existence of the liquidated damages clause allowing the County to recover delay damages indicates that the parties to the contract did not intend that the Sheriff enforce a separate remedy for the same delay.
AFFIRMED.
POLEN, C.J., and STONE, J., concur.
NOTES
[1] See Wright v. Terry, 23 Fla. 160, 2 So. 6, 8 (1887).
[2] See Am. Sur. Co. of N.Y. v. Smith, 100 Fla. 1012, 130 So. 440, 441 (1930).