872 So.2d 403 (2004)
M-I LLC, Appellant,
v.
UTILITY DIRECTIONAL DRILLING, INC., Appellee.
No. 3D03-1284.
District Court of Appeal of Florida, Third District.
May 5, 2004.
Welbaum, Guernsey, Hingston Greenleaf Gregory Black & Rune, LLP, and Robert A. Hingston, for appellant.
Timothy H. Crutchfield, for appellee.
Before COPE, LEVY and GREEN, JJ.
*404 COPE, J.
M-I LLC appeals a final order denying its motion to enforce a settlement agreement. We conclude that the settlement agreement should have been enforced, and accordingly reverse the order now under review.
The question presented to the trial court was whether a company named Parchem, Inc. was an intended beneficiary of a settlement agreement. Appellant M-I bought the assets of Parchem and is Parchem's successor in interest.
The settlement agreement arose out of construction litigation between Ric-Man International, Inc., the City of Miami, and appellee Utility Directional Drilling, Inc. ("UDDI"). Ric-Man was the prime contractor to the City of Miami for installation of the Watson Island sanitary sewers. UDDI was a subcontractor on the job. UDDI in turn subcontracted its work to various subcontractors, including Parchem.
The settlement agreement provided that a particular sum of money would be held by UDDI's counsel in a
dedicated trust account and shall not be released to UDDI by that trust account (1) unless and until UDDI provides evidence reasonably satisfactory to Ric-Man of full satisfaction of each and every claim(s) by all subcontractors owed by UDDI for services performed in relation to the Project, including but not limited to Centerline Guidance and Parchem, Inc. and (2) unless and until each of those subcontractors have provided original executed general releases of all claims related to the Project and related to Ric-Man and UDDI and the City in a form which Ric-Man shall provide to UDDI.
(Emphasis added).
Under the settlement agreement, once the subcontractors have been paid, UDDI is allowed to keep the rest of the money in the trust account. Thus, if UDDI can avoid paying its subcontractors, UDDI will be able to keep more money for itself.
M-I (as successor to Parchem) demanded payment for the services Parchem had rendered to UDDI. UDDI refused to pay, arguing that Parchem was not an intended beneficiary of the settlement agreement. The trial court denied M-I's claim for that reason, and M-I has appealed.
The Florida Supreme Court has said:
The rule in this state is that when a contract shows that it was intended to be for the benefit of a third party, such third party may ... sue thereon. In such cases the test is, not that the promisee is liable to the third person, or that there is some privity between them, or that some consideration moved from the third person, but that the parties to the contract intended that a third person should be benefited by the contract. It is the undertaking on the part of the promisor, as a consideration to the promisee, to benefit the third person, that gives rise to a cause of action by the beneficiary against the promisor, resting upon the contract itself.
Under the foregoing rule ... where A contracts with B to pay a debt due from C to D, D can maintain an action against A on the contract in the event of A's default, as much so as if the contract were merely one by which A contracts with B to pay a debt B owes to C.
Marianna Lime Prods. Co. v. McKay, 109 Fla. 275, 147 So. 264, 265 (1933) (citations and footnote omitted); see also Technicable Video Sys., Inc. v. Americable of Greater Miami, Ltd., 479 So.2d 810, 811 (Fla. 3d DCA 1985).
"Florida law looks to [the] `nature or terms of a contract' to find the parties' clear or manifest intent that it `be for the *405 benefit of a third party.'" Jenne v. Church & Tower, Inc., 814 So.2d 522, 524 (Fla. 4th DCA 2002) (quoting American Surety Co. v. Smith, 100 Fla. 1012, 130 So. 440, 441 (1930)).
"[T]he language used in a contract is the best evidence of the intent and meaning of the parties." Jenne, 814 So.2d at 524 (internal quotation marks and citations omitted).
The settlement agreement in the present case specifically requires UDDI to pay the subcontractors, including Parchem, which is M-I's predecessor in interest. The settlement agreement confers a benefit on Parchem. By its terms the contract creates an enforceable right for Parchem to be paid. Parchem is thus an intended beneficiary, and we respectfully disagree with the trial court's conclusion to the contrary.
UDDI argues that it does not have to pay M-I because the statute of limitations has expired on any lawsuit that M-I might bring against UDDI for breach of the original construction subcontract between UDDI and Parchem. That is not a valid defense here. The settlement agreement is a new contract which binds UDDI to pay the claims of its subcontractors. It is a new contractual undertaking as of the date of the settlement agreement.
UDDI next argues that it was impermissible for M-I to seek enforcement of the settlement agreement by filing a motion for enforcement. UDDI argues that M-I was required to file a new lawsuit. Under the facts of this case, UDDI is incorrect.
When the underlying litigation was settled, the trial court approved the settlement agreement and retained jurisdiction to enforce it. Where that is so, it is permissible to seek enforcement of the settlement agreement by motion. See Buckley Towers Condo., Inc. v. Buchwald, 321 So.2d 628, 629-30 (Fla. 3d DCA 1975), approved, Paulucci v. General Dynamics Corp., 842 So.2d 797 (Fla.2003).
For the stated reasons, the order under review is reversed and the cause remanded for further proceedings consistent herewith.
Reversed and remanded.