903 So.2d 251 (2005)
BISCAYNE INVESTMENT GROUP, LTD., etc., et al., Appellants,
v.
GUARANTEE MANAGEMENT SERVICES, INC., Appellee.
No. 3D04-1354.
District Court of Appeal of Florida, Third District.
May 11, 2005.
Rehearing Denied June 15, 2005.
*253 Scott Alan Orth, Hollywood, for appellants.
Bender, Bender & Chandler and Harry K. Bender, Coral Gables, for appellee.
Before FLETCHER and CORTIÑAS, JJ., and SCHWARTZ, Senior Judge.
CORTIÑAS, Judge.
The plaintiffs, Biscayne Investment Group, Ltd., et al., appeal from final orders dismissing the four counts of their third amended complaint with prejudice. We affirm, in part, and reverse, in part.
In the underlying action, the plaintiffs, the developer of the Knightsbridge Condominium Units ("Knightsbridge"), filed a third amended complaint against Guarantee Management Services, Inc. ("Guarantee"), the management company hired to manage Knightsbridge. The third amended complaint alleged breach of contract, fraud in the inducement, equitable subrogation, and negligence. The plaintiffs attached thereto a contract for management services between Guarantee and Castillo Condominium Association, Inc. ("Management Agreement"). The trial court entered orders dismissing with prejudice all four counts.
When considering a motion to dismiss, a trial court must look only to the four corners of the complaint including the attachments, and the allegations contained therein must be taken as true without regard to the pleader's ability to prove them. Coriat v. Global Assurance Group, Inc., 862 So.2d 743 (Fla. 3d DCA 2003). On appeal, this court must determine de novo whether the complaint alleges sufficient ultimate facts that would entitle the plaintiff to relief. Cohen v. American Home Assurance Co., 367 So.2d 677, 681 (Fla. 3d DCA), cert. denied, 378 So.2d 342 (Fla.1979). With this in mind, we examine the four counts of the plaintiffs' third amended complaint and the attached Management Agreement.
In the general allegations of the complaint, the plaintiffs alleged that they were the owners of Knightsbridge in Miami Beach, Florida, and that they were in the business of selling and renting the condominium units at Knightsbridge. The plaintiffs further alleged that, as the developer in control, they were charged with operating the Knightsbridge Condominium *254 Association ("Association") and that they were essentially its board of directors. They also alleged that, as the owner/developer in control of the Association pre-turnover, they hired Guarantee as the management company for the Knightsbridge Condominiums and the Association. Lastly, the plaintiffs alleged that they were responsible for financial shortfalls in the Association's budget.
In count one, the plaintiffs alleged breach of contract stating that they caused the Association to enter into the Management Agreement with Guarantee. The plaintiffs maintained that the Management Agreement was a means of resolving litigation between themselves as the developer and certain unit owners, and that there was an express verbal understanding that the Management Agreement would benefit the plaintiffs as the developer. The plaintiffs then detailed Guarantee's alleged breach of the Management Agreement.
Upon reviewing the allegations contained in the breach of contract count and the attached Management Agreement, we affirm the trial court's dismissal of count one with prejudice.
The underlying contract was entered into between Guarantee and Castillo Condominium Association, Inc. The plaintiffs were not parties to the contract. Unless a person is a party to a contract, that person may not sue for breach of that contract where the non-party has received only an incidental or consequential benefit of the contract. Metropolitan Life Ins. Co. v. McCarson, 467 So.2d 277 (Fla.1985); Caretta Trucking, Inc. v. Cheoy Lee Shipyards, Ltd., 647 So.2d 1028 (Fla. 4th DCA 1994).
The plaintiffs, however, contend that they were intended third party beneficiaries, and as such, they are able to bring suit on the underlying contract. We disagree.
A cause of action for breach of contract brought by a third party beneficiary must include the following allegations: 1) the existence of a contract, 2) the clear or manifest intent of the contracting parties that the contract primarily and directly benefit the third party, 3) breach of the contract by a contracting party, and 4) damages to the third-party resulting from the breach. Jenne v. Church & Tower, Inc., 814 So.2d 522, 524 (Fla. 4th DCA 2002); Jacobson v. Heritage Quality Constr. Co., 604 So.2d 17 (Fla. 4th DCA 1992), review dismissed, 613 So.2d 5 (Fla. 1993). A non-party is the specifically intended beneficiary only if the contract clearly expresses an intent to primarily and directly benefit the third party or a class of persons to which that party belongs. Aetna Cas. & Sur. Co. v. Jelac Corp., 505 So.2d 37 (Fla. 4th DCA 1987); Security Mut. Cas. Co. v. Pacura, 402 So.2d 1266 (Fla. 3d DCA 1981). To find the requisite intent, it must be established that the parties to the contract actually and expressly intended to benefit the third party; it is not sufficient to show only that one of the contracting parties unilaterally intended some benefit to the third party. Clark & Co. v. Department of Ins., 436 So.2d 1013, 1016 (Fla. 1st DCA 1983). None of these principles are satisfied in this case.
In the instant case, the plaintiffs were not parties to the Management Agreement and were nowhere mentioned in the contract. Nevertheless, the plaintiffs argue that they caused the Association to enter into the Management Agreement and that they participated in the hiring of Guarantee. We conclude that these facts are of no consequence where the Management Agreement is silent and shows no intent to confer third party beneficiary status upon *255 them. Jenne, 814 So.2d at 525 ("Negotiations and dealings between the parties cannot modify a written contract to create the parties' `intent' when the lack of such intent is evident from the contract.").
In count two, the plaintiffs alleged that Guarantee fraudulently induced them to cause the Association to enter into the Management Agreement by making certain verbal representations regarding their experience and future performance of their duties. The plaintiffs alleged that these material representations were false, that they relied upon them, and that they were damaged as a result. We find that the trial court properly dismissed count two with prejudice.
In order to state a cause of action for fraud in the inducement, a plaintiff must allege that 1) the representor made a misrepresentation of a material fact, 2) the representor knew or should have known of the falsity of the statement, 3) the representor intended that the representation would induce another to rely and act on it, and 4) the plaintiff suffered injury in justifiable reliance on the representation. Samuels v. King Motor Co. of Ft. Lauderdale, 782 So.2d 489 (Fla. 4th DCA 2001).
In the instant case, the plaintiffs made no specific allegations of misrepresentation of material facts. At most, the plaintiffs alleged a mere promise not performed, which, by itself, cannot form the predicate for actionable fraud. Alexander/Davis Props., Inc. v. Graham, 397 So.2d 699, 706 (Fla. 4th DCA), review denied, 408 So.2d 1093 (Fla.1981).
In count three, the plaintiffs sought equitable subrogation alleging that Guarantee failed to collect assessments. Again, the trial court properly dismissed this count with prejudice.
To properly allege a count for equitable subrogation, a party must allege that 1) the subrogee made the payment to protect his or her own interest, 2) the subrogee did not act as a volunteer, 3) the subrogee was not primarily liable for the debt, 4) the subrogee paid off the entire debt, and 5) subrogation would not work any injustice to the rights of a third party. Hollywood Lakes Country Club, Inc. v. Community Ass'n Servs., Inc., 770 So.2d 716, 718 (Fla. 4th DCA 2000).
In the instant case, the plaintiffs failed to allege that they were not primarily liable for the debt. In fact they alleged the contrary twice. First, in the general allegations of the complaint, the plaintiffs stated, "Plaintiffs were responsible for financial shortfalls in the Association budget." Next, in paragraph 25 within the count for equitable subrogation, the plaintiffs stated, "Plaintiffs were primarily liable for this debt." Therefore, the equitable subrogation claim cannot stand.
In count four, the plaintiffs alleged that Guarantee committed certain negligent acts during the performance of the underlying contract. The trial court granted the defendant's motion to dismiss this count on the ground that it was barred by the economic loss rule. We reverse as this claim is not barred by the economic loss rule.
In the recent case of Indemnity Insurance Co. of North America v. American Aviation, Inc., 891 So.2d 532 (Fla.2004),[1] the Florida Supreme Court clarified and expressly limited the application of the economic loss rule to two different circumstances:
The first is when the parties are in contractual privity and the one party seeks to recover damages in tort for matters arising under the contract. The *256 second is when there is a defect in the product that causes damage to the product but causes no personal injury or damage to other property.
Indemnity Ins., 891 So.2d at 536. The Florida Supreme Court also reaffirmed the inapplicability of the economic loss rule to certain developed exceptions involving privity of contract or products liability, including professional negligence, fraudulent inducement, negligent misrepresentation, and freestanding statutory causes of action. Indemnity Ins., 891 So.2d at 543.
In the instant case, the economic loss rule is inapplicable. The parties are not in contractual privity, the defendant is not a manufacturer or distributor of a product, and no established exception to the application of the rule applies. Instead, plaintiffs' negligence claim seeks to recover economic losses caused by the alleged negligence of a defendant with whom they were not in privity. Indemnity Ins., 891 So.2d at 541. Because the plaintiffs' claim for negligence is not barred by the economic loss rule, we reverse that portion of the trial court's order dismissing count four of the plaintiffs' third amended complaint with prejudice. On remand, the court should determine whether, as a matter of law, any cognizable duty exists that would support plaintiffs' negligence count. McCain v. Florida Power Corp., 593 So.2d 500, 503 (Fla.1992); Nat'l Title Ins. Co. v. Lakeshore 1 Condo. Ass'n, 691 So.2d 1104, 1106 (Fla. 3d DCA 1997).
Accordingly, we affirm the trial court's dismissal of counts one through three of the plaintiffs' third amended complaint with prejudice, reverse the dismissal of count four of the plaintiffs' third amended complaint with prejudice, and remand for further proceedings.
NOTES
[1] We note that the trial court did not have the benefit of the Florida Supreme Court's opinion when it entered its orders dismissing the plaintiffs' negligence count.