PER CURIAM.
Affirmed. See Biscayne Inv. Group, Ltd. v. Guar. Mgmt. Servs., 903 So.2d 251, 254 (Fla. 3d DCA 2005) (holding: "A cause of action for breach of contract brought by a third party beneficiary must include the following allegations: (1) the existence of a contract; (2) the clear or manifest intent of the contracting parties that the contract primarily and directly benefit the third party; (3) breach of the contract by a contracting party; and (4) damages to the third-party resulting from the breach;" further holding: "A non-party is the specifically intended beneficiary only if the contract clearly expresses an intent to primarily and directly benefit the third party or a class of persons to which that party belongs") (citing Security Mut. Cas. Co. v. Pacura, 402 So.2d 1266 (Fla. 3d DCA 1981) and Aetna Cas. & Sur. Co. v. Jelac Corp., 505 So.2d 37 (Fla. 4th DCA 1987) ). See also Hollywood Lakes Country Club, Inc. v. Community Ass'n Servs., Inc., 770 So.2d 716, 719 (Fla. 4th DCA 2000) (affirming trial court's dismissal of cause of action under third-party beneficiary theory, where the contract attached to the complaint failed to establish an intent to directly and substantially benefit the developer asserting third-party beneficiary status).