# Third District Court of Appeal
## State of Florida

Opinion filed June 11, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-2272
Lower Tribunal No. 24-10944-CA-01
_____

**200 E Flagler Development, LLC,**
Appellant,

vs.

**FFD Inc., etc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Pedro P. Echarte, Jr., Judge.

ALGO Law Firm, LLP, Gavin L. Sinclair, and Ignacio M. Alvarez, for appellant.

Gordon Rees Scully Mansukhani, LLP, Robert Malani, and Robin Taylor Symons, for appellee.

Before LINDSEY, MILLER, and GOODEN, JJ.

MILLER, J.

Appellant, 200 E Flagler Development, LLC, appeals from a final order dismissing its third-party beneficiary breach of contract claim against appellee, FFD, Inc. d/b/a Tai Architecture & Design, Inc., for failure to state a claim. To adequately plead this cause of action, a plaintiff must allege "1) the existence of a contract, 2) the clear or manifest intent of the contracting parties that the contract primarily and directly benefit the third party, 3) breach of the contract by a contracting party, and 4) damages to the third-party resulting from the breach." Ahmed v. Hamilton Ins. DAC, No. 3D23-1483, 2025 WL 1119168, at *2 (Fla. 3d DCA Apr. 16, 2025) (quoting Biscayne Inv. Grp., Ltd. v. Guarantee Mgmt. Servs., Inc., 903 So. 2d 251, 254 (Fla. 3d DCA 2005)). Here, the operative complaint did not assert that the contracting parties intended to primarily and directly benefit appellant, and the contract attached to the complaint negated any express contractual basis for the claim. See Buck v. Kent Sec. of Broward, Inc., 638 So. 2d 1004, 1004 (Fla. 4th DCA 1994) (holding lease attached to complaint negated third-party beneficiary allegation); Found. Health v. Westside EKG Assocs., 944 So. 2d 188, 194–95 (Fla. 2006) (noting plaintiff must demonstrate the contracting parties had "the clear or manifest intent" to "primarily and directly benefit the third party"); Fla. Int'l Univ. Bd. of Trs. v. Signal Safe, Inc., 388 So. 3d 1103, 1107 (Fla. 3d DCA 2024) ("[T]hird-party beneficiary status is

2

only conferred if the parties to the contract clearly express, or the contract itself expresses, an intent to primarily and directly benefit the third party.") (quotation marks omitted); Helmick v. Taylor, 386 So. 3d 243, 246 (Fla. 2d DCA 2024) (affirming dismissal where contractual provisions did not intend to "primarily and directly benefit any creditor as a third-party beneficiary").

Accordingly, we affirm the order under review.

Affirmed.