MARIA McBRATNEY, Appellant, *v.* THE ROME, WATERTOWN AND OGDENSBURG RAILROAD COMPANY, Respondent.

Where, after the commencement of an action against a railroad corporation, the plaintiff executed a release of the cause of action and of the costs therein, and also signed, in person, a stipulation discontinuing the action, and consenting to the entry of an order of discontinuance on filing the stipulation, which order was entered, *ex parte* and without the special direction of the court, upon filing the release and stipulation, *held*, that, while the court had power to protect the plaintiff's attorney against a collusive settlement in fraud of his rights, the plaintiff was not entitled to have the order set aside on account of her attorney ; that the order, having been entered upon her stipulation expressly authorizing it, she could not question its regularity and could not be heard to make the objection that, having appeared by attorney, he only was authorized to sign a stipulation for discontinuance ; and that therefore an appeal by her from an order denying a motion to set aside an order of discontinuance was not sustainable.

(Argued December 15, 1881 ; decided January 17, 1882.)

APPEAL by plaintiff from an order of the General Term of the Supreme Court, in the fourth judicial department, made April

24, 1879, which reversed an order of General Term vacating and setting aside an order of discontinuance entered herein. (Reported below, 19 Hun, 385.)

This action was brought to recover a penalty under the act to prevent extortion by railroad companies. (Chap. 185, Laws of 1857.) The circumstances under which the order of discontinuance was entered are stated in the opinion.

*Andrew Z. McCarty* for appellant. The so-called entry of the order of discontinuance was in violation of law. (Code of Civil Procedure, § 55.) When a party to an action has appeared by an attorney, his adversary is not at liberty to deal with the party himself in the management of the action. (*Chadwick* v. *Snediker*, 26 How. Pr. 60; *Webb* v. *Dill*, 18 Abb. Pr. 264; 1 Wait's Pr. 558; *Halsey* v. *Carter*, 6 Robt. 535; *Read* v. *French*, 28 N. Y. 285; *Anonymous*, 1 Wend. 108; *Hoffman* v. *Van Nostrand*, 14 Abb. Pr. 336; 4 Wait's Pr. 623; *Ripley* v. *Burgess*, 2 Hill, 361.) A release of a cause of action, or any other writing or stipulation, signed by a plaintiff in person, will not authorize the entry of an *ex parte* order discontinuing an action, without an application to the court. (*Owen* v. *Mason*, 18 How. Pr. 156; *Rasquin* v. *Knick. St. Co.*, 21 id. 293; *Keenan* v. *Dorflinger*, 19 id. 153; *S. C.*, 12 Abb. Pr. 327; *Wright* v. *Wright*, 70 N. Y. 96; *S. C.*, 41 N. Y. Supr. Ct. 432; *Wood* v. *N. W. Pres. Church*, 7 Abb. Pr. 210, *n*; *Matthews* v. *Chicopee Man. Co.*, 3 Robt. 711.) If deception or imposition to any degree was used to procure a settlement or release highly favorable to the defendant, it is a fraud upon the plaintiff which must be held to nullify the transaction, as the costs of an action belong to the party and are allowed to him as an indemnity for his liability to his attorney for the services of the latter in the case. (Code of Procedure, § 303; Code of Civil Procedure, § 66; *Coughlin* v. *N. Y. C. R. R. Co.*, 71 N. Y. 443, 447, 451; *Rooney* v. *Second Ave. R. R. Co.*, 18 id. 368; *Pickard* v. *Yenar*, 21 Hun, 403; *S. C.*, 10 N. Y. Weekly Dig. 271; *Rasquin* v. *Knick. Stage Co.*, 12 Abb. Pr. 324; 21 id. 293; 3 Wait's Pr. 543; *McDowell* v. *Second Ave. R. R. Co.*, 4 Bosw.

670; *McGregor* v. *Comstock*, 28 N. Y. 237; *Marquat* v. *Mulvey*, 9 How. Pr. 460; *Tallcott* v. *Bronson*, 4 Paige, 501; *Power* v. *Kent*, 1 Cow. 172; *Read* v. *Joselyn*, 1 Sheldon, 60; *Haight* v. *Holcomb*, 7 Abb. Pr. 210; *Hall* v. *Ayer*, 19 How. Pr. 91; *S. C.*, 9 Abb. Pr. 220.; *Rooney* v. *Second Ave. R. R. Co.*, 18 N. Y. 368; *Marshall* v. *Meech*, 51 id. 140; *Sussdorf* v. *Smidt*, 55 id. 319–325; *Fitch* v. *Gardenier*, 2 Keyes, 516; *Brown* v. *The Mayor*, 9 Hun, 595; 11 id. 21; *Fox* v. *Fox*, 24 How. Pr. 409–415; *Ward* v. *Syme*, 9 id. 16; *Moose* v. *Westervelt*, 3 Sandf. 762.)

*Edmund B. Wynn* for respondent. The entry of the order of discontinuance was regular and in accordance with the practice of this court. (2 Wait's Pr. 604, 605; *Cook* v. *Beach*, 25 How. Pr. 356; 1 Barb. Ch. Pr. 566, 567, 581–583; id. 225; *Bedell* v. *Powell*, 13 Barb. 183, 185, 186; *Averill* v. *Patterson*, 10 N. Y. 500, 503; Graham's Pr. 603, 604; *S. & R. R. R. Co.* v. *Ward*, 18 Barb. 595.) The defendant had the right to take and enter the stipulations without providing for the costs of the plaintiff's attorney, or getting his consent or stipulation that such action might be discontinued; he had no lien on the cause of action, and could not intervene and insist that the action should proceed for his benefit. (*Wright* v. *Wright*, 70 N Y. 96; *Shank* v. *Shoemaker*, 18 id. 489; *Pulver* v. *Harris*, 52 id. 73; *Coughlin* v. *N. Y. C. R. R.*, 71 id. 443; 8 Hun, 136; *Brown* v. *Mayor, etc., of New York*, 11 id. 21.)

Andrews, Ch. J. The order of the General Term from which this appeal is taken, reversed an order of the Special Term, setting aside an order discontinuing the action without costs to either party, entered as of course *ex parte*, and without the special direction of the court, upon filing a release of the cause of action, and of the costs therein, signed by the plaintiff in person, to which was appended a stipulation on her part, discontinuing the action, and consenting to the entry of an order of discontinuance, on filing the stipulation. The Special Term set aside the order, on the ground that the settlement of the

action by the parties was made with the design of preventing the plaintiff's attorney from obtaining his costs. The 'order of reversal should, we think, be affirmed. The power of the Supreme Court to protect the attorney of a party to an action, against a collusive settlement in fraud of his rights, is well settled. (*Coughlin* v. *The N. Y. C. & H. R. R. R. Co.*, 71 N. Y. 443, and cases cited.) But the right of the attorney to have the discontinuance set aside for his protection is not involved in this appeal. The appellant is the party to the action, who signed the ·stipulation on which the order of discontinuance was entered, and unless she is entitled to have it set aside on her own account, she has no right to that relief, on account of the attorney. It is quite clear that she cannot be released from the order on any suggestion of fraud in procuring the stipulation. There is no competent evidence that she was deceived, or that any fraud was practiced upon her, or that she did not understand the effect of the settlement and stipulation. If the statements of the attorney, on information and belief in the moving affidavits, give color to the claim that the plaintiff was deceived, they are met by proof of the same character in the opposing affidavits, and the fact cannot be reviewed by this court. The claim that the order was irregularly entered, in that it was entered *ex parte*, as of course, without application to and the special direction of the court, is decided adversely to the appellants, in *Averill* v. *Patterson* (10 N. Y. 500). It is not necessary to determine the point made, that the order was irregular, because the plaintiff having appeared by attorney, the latter only was authorized to sign a stipulation for discontinuance. The plaintiff cannot be heard to make this objection. The stipulation executed by her expressly authorized the entry of an order of discontinuance thereon, and she cannot question the regularity of the proceeding.

Order affirmed, but without costs.

All concur.

Order affirmed.