R. FRANCIS HARPER v. HOPE STRONG.

184 So. 848.
Division B.
Opinion Filed November 15, 1938.
Rehearing Denied December 19, 1938.

*Eldridge Hart,* for Appellant;
*Hope Strong,* for Appellee.

PER CURIAM.—This appeal is from a final decree on bill and answer, dismissing the bill of complaint.

R. Francis Harper filed his bill of complaint against Hope Strong, praying that the court decree that the sum of $150.00, alleged to be held by the defendant, is held by him in trust for the use and benefit of the plaintiff, and that the trust be enforced by the court.

The bill of complaint is predicated upon the following order signed by N. Muzante:

"May 10, 1935.

"Mr. Hope Strong:

"Please pay Francis Harper One Hundred Fifty Dollars of the money I gave you, to settle with him, as I want to clear this matter up at once before I leave."

"(signed) N. MUZANTE."

The bill alleged in substance that N. Muzante did, by this written order, instruct the defendant to pay plaintiff $150.00 of the money which N. Muzante had deposited with defendant for payment to plaintiff, in accordance with an agreed settlement of litigation; that after issuance of said order, plaintiff, in person and through his counsel requested defendant to pay over to plaintiff or his counsel the sum of

$150.00, then and now in the possession of the defendant, for the benefit and use of the plaintiff, in accordance with written instructions, but defendant refuses to do so, and continues to hold said sum of $150.00, contrary to the written instructions of N. Muzante to defendant "as his, agent, attorney and/or trustee."

Motion to dismiss the bill was denied and defendant allowed to answer.

After denying the material allegations of the bill of complaint, the answer set up affirmative matter in defense of the cause alleged in the bill, the substance of which defense was that about March 1, 1934, N. Muzante gave defendant $200.00, with instructions to settle two outstanding gambling debts against him, one for $115.00, and one for $300.00, the latter being plaintiff's claim; that at that time it was agreed between defendant and N. Muzante that defendant would attempt to settle both gambling debts and retain a fee for himself out of said $200.00, but if unsuccessful in making settlements, defendant was authorized to contest any threatened litigation based on said gambling debts, and in such event, any part or all of said $200.00 was to be retained by the defendant as his fee in connection with the litigation; that subsequently defendant succeeded in securing waiver of any claim for the $115.00 debt, and thereafter defendant offered plaintiff $150.00 in full settlement of his claim for $300.00, which plaintiff rejected, although defendant pointed out that said claim represented a gambling debt and was not a legal or binding claim against N. Muzante; that on February 12, 1934, plaintiff filed suit in the County Court of Orange County, against N. Muzante on said gambling debt of $300.00, which suit has been in litigation from that time to the present; that after institution of said suit defendant offered to settle said claim and suit for $75.00, which offer was rejected by counsel for R. Francis Harper; that sub-

sequently there was additional litigation concerning said suit in the County Court, but defendant was still willing to settle for $75.00, considering that the difference of $125.00, a reasonable charge for his services, but in view of the filing of the instant suit, defendant has withdrawn any offer of settlement whatever; that the order of N. Muzante directing defendant to pay plaintiff $150.00 in settlement of plaintiff's claim was entirely contrary to the agreement between N. Muzante and defendant; that said order was solicited by plaintiff without defendant's knowledge, and N. Muzante gave said order without consulting defendant, and apparently without knowledge that litigation in the County Court was still pending, and had been pending for approximately two years.

Motion to strike portions of the answer was denied as to all portions thereof, except as to paragraph 7, as to which paragraph it was granted, and that part of the answer ordered stricken.

A special motion to strike part of the bill was denied, and plaintiff was permitted, if he so desired, to file a replication or an amendment to the original bill.

The court appointed Hon. Giles F. Lewis as Special Master, on April 16, 1936, to take testimony and to report the same to the court with all convenience. By stipulation of the solicitors the time for taking testimony was extended for six months from June 10, 1936.

On February 7, 1937, plaintiff filed a motion asking that the court set a period of time within which the testimony of witness N. Muzante could be taken, not to exceed 30 days from the date of the order, which motion was denied by the court. On the same date, plaintiff filed a motion that the court have a final hearing and enter final decree on the pleadings in the cause, the bill, and answer. Final decree was entered dismissing the bill of complaint.

It is contended by appellant that though the sum of money was given to the defendant by N. Muzante on March 1, 1934, under the circumstances as set forth in the answer, yet by the written order of May 10, 1935, all prior understandings between the defendant and N. Muzante were thereby nullified and revoked.

The bill of complaint contained the copy of an order from N. Muzante directed to Hope Strong asking that the latter pay R. Francis Harper $150.00 of the money given him by the former to settle with said R. Francis Harper, as he (N. Muzante) wanted to clear the matter up before leaving. The answer averred that this written order was contradictory to the instruction given Mr. Hope Strong, as counsel for N. Muzante, at the time the money was passed.

According to the pleadings, Mr. Hope Strong was retained by N. Muzante about March 1, 1934, to settle two gambling debts of $115.00 and of $300.00, the latter being the plaintiff's claim, and to retain a fee for himself, out of a sum of $200.00 given him; or in the event the matters were litigated, Mr. Strong was to contest the litigation, and was to retain as his fee all of the $200.00 not previously used in settling either of the gambling claims. .R. Francis Harper began litigating his gambling claim on February 12, 1934, and thereafter the gambling debt of $115.00 was waived, both of which events were prior to the time the said order from N. Muzante to the defendant was written.

Although parties to an action may, in the absence of fraud and collusion, settle and adjust the same without the intervention of their attorneys, Miedreich v. Rank, 40 lnd. App. 393, 82 N. E. 117; Reeder v. Lockwood, 30 Misc. 531, 62 N. Y. S. 713; McBratney v. Rome, Waterbury & Ogdensburg R. Co., 87 N. Y. 467; Wagner v. Goldschmidt, 51 Ore. 63, 93 Pac. 689, yet this right does not justify clients in

perpetrating a fraud on their attorneys. Potter v. Ajax Min. Co., 22 Utah 273, 61 Pac. 999.

"The rule that courts look with favor upon a compromise and settlement made by the parties to a suit, to prevent the vexation and expense of further litigation, only applies where all the rights and interests of all of the parties concerned, both legal and equitable, have been respected and observed in good faith. Where the parties negotiate a settlement for the purpose of defrauding the attorney in the collection of his fees, the court will grant such relief as the circumstances of the case may warrant." 2 Thornton on Attorneys at Law 810, Sec. 458.

Under this statement of the law, it seems that the parties have a right to settle litigation only where the rights of the parties, both legal and equitable, have been respected and observed in good faith. Now if this claim for which R. Francis Harper is litigating in the County Court is for a gambling debt, he has no right to recover judgment there, and consequently any settlement agreed upon by the parties would not be one where the legal and equitable rights of the parties were observed in good faith, but would either be fraudulent as to N. Muzante, the debtor, or would be collusive on the part of the debtor and creditor as against the attorney Hope Strong. Under the pleadings before the chancellor, it seems that any purported settlement of the litigated claim would not have been in good faith, and consequently the money in the hands of the attorney, Hope Strong, could not be impressed with a trust to pay R. Francis Harper in settlement of the litigated claim.

"It is well settled that an attorney may retain from the funds of his client, in his hands, the amount of his compensation. If the exact sum has been agreed upon, that sum may be retained; if not, then he may retain a sufficient sum to cover the reasonable value of his services, with such sums

as were properly expended by him in the interest of his client; and also like fees for the benefit of the associate counsel in the case employed by his client to assist him; and he may successfully defend a suit against him for the recovery of any part of the reasonable charges so retained, though it is said that there is no implied agreement that the attorney shall look to the fund to be realized as a primary source of payment. It is immaterial that his compensation was contingent upon success, or that his client acted in a fiduciary capacity, or as a public official, or that the fund has been attached, or that the client died before the termination of the professional relation, or that the attorney accepted an order to pay over the sum collected to another." 2 Thornton on Attorneys at law 837, Sec. 476.

Under the statement of law quoted above, it appears that Mr. Hope Strong was acting within his rights when he retained the money given him by N. Muzante, and was justified in refusing to pay the $150.00 over to R. Francis Harper. No trust attached to the money in the possession of Hope Strong for the purpose declared in the bill of complaint, and the bill was properly dismissed.

The contention that the court erred in refusing to grant an extension of time in which to take testimony is without merit. The record shows that plaintiff had approximately eight months in which to take this testimony, and failed to do so within that time. No abuse of discretion on the part of the chancellor has been shown. Even if it had been shown wherein the court had abused its discretion in failing to grant a further extension of time for taking testimony, the plaintiff acquiesced in the denial of that motion by filing on the same date a motion for judgment on the pleadings.

No error of law or procedure having been made to appear in the final decree rendered below, it should be and it is hereby affirmed.

···Affirmed.

TERRELL, C. J., and WHITFIELD, BROWN and CHAPMAN, J. J., concur.

BUFORD, J., dissents.

THOMAS, J., not participating.

BUFORD, J. (dissenting)—It is quite true that one may not recover a judgment for a debt created, by participating in gambling, but I apprehend that there are honest gamblers who may wish to pay their obligations as far as it is possible for them to do so. I also think that a gambler may voluntarily arrange to pay his gambling debts and that if he delivers money to a third party (though that third party may be a lawyer) with which to settle his gambling debts by compromise it is the duty of the person so receiving such money to use it for the purpose for which it was placed in his hands. The allegations of the answer are sufficient to show that a compromise settlement agreement was reached between the principal, which if carried out would leave fifty dollars in the hands of Mr. Strong as a fee for his services. According to the allegations of the answer the agreement and delivery of the money was for the settlement and not for the repudiation of the debt—I think judgment on the pleadings, should have been for the complainant.