ROBERTS, Justice.
The complaining parties here are counsel for the plaintiff, Sentco, Inc., the nominal appellant. They were retained by Sentco, Inc. on a contingent fee basis to file an unfair competition suit against defendants, appellees here, and were successful in obtaining in this court a reversal of a decree adverse to plaintiff entered in that suit by the lower court. See Sentco, Inc., v. McCulloh, Fla.1953, 68 So.2d 577. We there held that the plaintiff was entitled to some of the relief prayed for, although opining that “From the record now before us it appears that any award for damages may be pure speculation.”
After the going down of the mandate on that appeal, and during the pendency of proceedings to determine what, if any, dam *499 ages the plaintiff should recover, the plaintiff entered into a release and settlement agreement with the defendants in the amount of $2,000. At the hearing on the suggestion of defendant’s counsel that the suit should be dismissed because of the settlement agreement, counsel for plaintiff opposed the dismissal of the suit on the ground that the settlement agreement was fraudulently made to deprive plaintiff’s counsel of a substantial attorneys’ fee and on the further ground that “plaintiff’s counsel are entitled to a fee assessed against defendants as damages for defendants’ willful and deliberate acts of unfair competition.” Their motion to continue the prosecution of the cause for the purpose of recovering their attorneys’ fee was denied, and the cause dismissed. This appeal by plaintiff’s counsel, in the name of the plaintiff, followed. The sole point for determination here is whether the lower court erred in declining to continue the prosecution of the suit, as requested by plaintiff’s counsel. We find no error here.
While an attorney will, in some circumstances, be permitted to continue a suit in the name of his client in order to recover his fee and costs, after his client has made a fraudulent or collusive settlement intending to deprive his attorney of his fee and costs, Mabry v. Knabb, 1942, 151 Fla. 432, 10 So.2d 330, 337, and authorities there cited; Miller v. Scobie, 1943, 152 Fla. 328, 11 So.2d 892, it is well settled that, if acting in good faith, the parties to an action may settle and adjust the same without the intervention of their attorneys. Harper v. Strong, 1938, 135 Fla. 10, 184 So. 848, 849; 5 Am.Jur., Attorneys at Law, Sec. 116. The allegation of plaintiff’s attorneys that the settlement agreement was fraudulently made and a “ruse” to deprive them of the full amount of the fee to which they considered themselves entitled, is not supported by the record. The plaintiff’s right to damages was, at least, doubtful in view of the comment by this court on the former appeal that “any award for damages may be pure speculation.” The offer of settlement was presented to plaintiff’s attorneys by counsel for defendant and was by them communicated to plaintiff’s president, who-at first declined the offer, but later changed his mind. He appears to have advised his attorneys promptly of his acceptance of the-offer. As soon as he received the settlement check from defendants he gave one of his attorneys a check for their portion of the amount of the settlement in accordance with the contingent fee arrangement with them, and the check was cashed by the attorney to whom it was made payable. While it well may be that the amount received by them was.an insufficient remuneration for their services in the litigation in question, as here contended, the fact remains that they chose to accept the employment on a contingent fee basis; they were paid and accepted payment on such a basis. Whether or not the plaintiff could have recovered from the defendants the amount of its attorneys’ fee “as damages for defendants’ willful and deliberate acts of unfair competition,” as here contended (a point which is not decided, since it is unneces'-sary), is beside the point. The plaintiff chose not to attempt to do so but, instead, to settle the claim. Counsel have cited no-case which holds that a litigant is required to hazard the outcome of litigation, rather than settle the suit, simply because his attorneys are employed on a contingent fee basis. In fact, the authority is to the contrary. 5 Am.Jur., Attorneys at Law, Sec. 116.
In all the circumstances here, we think that the lower court was justified in refusing to continue the suit, as requested by plaintiff’s attorneys. Accordingly, the decree appealed from should be and it is hereby
Affirmed.
DREW, C. J., and THOMAS and O’CONNELL, JJ., concur.