512 So.2d 229 (1987)
Raymond J. SMITH, Appellant/Cross-Appellee,
v.
EMERY AIR FREIGHT CORP., d/b/a Emery World Wide, Appellee/Cross-Appellant.
No. 86-1998.
District Court of Appeal of Florida, Third District.
August 11, 1987.
Rehearing Denied September 28, 1987.
*230 James C. Blecke and Susan S. Lerner, Miami, for appellant/cross-appellee.
James O. Nelson, Steven R. Berger and William Liston, Miami, for appellee/cross-appellant.
Before SCHWARTZ, C.J., and NESBITT and FERGUSON, JJ.
PER CURIAM.
Appellant Smith was an employee of C & J under a terminable-at-will contract. C & J's contract with Emery Air Freight to provide loading services to Emery required Smith to work on Emery's premises. After Smith was involved in an altercation with Mike Sherman, an Emery employee, Emery demanded that C & J remove Smith from its premises. C & J terminated Smith because it had no work for him except at Emery.
Smith brought an action against Emery for intentional interference with a business relationship. The court granted Emery's motion for a directed verdict on Smith's claim for punitive damages but denied Emery's motion for directed verdict on liability. A jury awarded Smith $35,000 in damages.
Smith appeals the directed verdict on punitive damages, and Emery cross-appeals the denial of its motion for a directed verdict on liability. We reverse the denial of Emery's motion for a directed verdict.
A claimed intentional interference with a business relationship requires a showing of both an intent to damage the business relationship and a lack of justification to take the action which caused the damage. Landry v. Hornstein, 462 So.2d 844 (Fla. 3d DCA 1985).
It cannot be said that Emery acted solely with a desire to interfere with Smith's employment. Several factors can be considered in determining whether Emery's action was justified. These include the nature of Emery's conduct, its motive, and the interests it sought to advance. Restatement (Second) of Torts § 767 (1979). The nature of Emery's conduct was the prohibition of entry onto its private property by a specific person. Its motive and intent was to prevent future altercations in the workplace. A business has the right to bar a person from its premises when such action is based on a founded safety concern. See Florida Power & Light Co. v. Fleitas, 488 So.2d 148 (Fla. 3d DCA 1986) (FPL had privilege to bar plaintiff from premises of nuclear power plant based on founded suspicion of illegal drug use). Emery's action was justified under the circumstances and its motion for a directed verdict should have been granted.
We need not reach the issue presented by Smith's appeal.
Reversed and remanded with instructions to enter judgment for cross-appellant Emery.