598 So.2d 273 (1992)
AMERICAN SEAFOOD, INC.; Coastal Marine Services, Inc., and Chrispa, Ltd., Appellants,
v.
Michael CLAWSON, Chip Clawson, and Patrick D. Clawson, as Personal Representative of the Estate of Earle Clawson, Deceased, Appellees.
No. 91-1284.
District Court of Appeal of Florida, Third District.
May 12, 1992.
Rehearing Denied June 16, 1992.
Jepeway & Jepeway and Louis Jepeway, Jr., Miami, for appellants.
Holland & Knight and Michael T. Moore and J. Raul Cosio, Miami, for appellees.
Before HUBBART, FERGUSON and JORGENSON, JJ.
PER CURIAM.
This is an appeal by the plaintiffs American Seafood, Inc., et al. from a final order of dismissal with prejudice of a four-count complaint sounding in conversion, civil theft, intentional interference with an advantageous business relationship, and conspiracy, which complaint was filed below against the defendants Michael Clawson, *274 Chip Clawson, and Patrick Clawson, as personal representative of the Estate of Earle Clawson. We affirm.
First, we conclude that the complaint fails to state a cause of action for conversion or civil theft. The exhibits attached to the complaint establish that Patrick Clawson [who in an individual capacity is not a party to this action] sold the alleged converted chattel [a freighter] to Francisco Gonzalez Sanchez [a defendant who is not involved in this appeal]. These exhibits are inconsistent with the allegations of the complaint that (1) the defendants Michael and Chip Clawson, and (2) Earle Clawson (now deceased) sold the subject chattel, thereby rendering such allegations a nullity as to these defendants. Moreover, no facts are alleged in the complaint as to where or when this alleged sale took place. Finally, the balance of these two counts contain only general conclusory allegations which are insufficient to state a cause of action for conversion or civil theft. See Franz Tractor Co. v. J.I. Case Co., 566 So.2d 524, 526 (Fla. 2d DCA 1990); Harry Pepper & Assoc. v. Lasseter, 247 So.2d 736, 736-37 (Fla. 3d DCA), cert. denied, 252 So.2d 797 (Fla. 1971).
Second, we conclude that the complaint fails to state a cause of action for intentional interference with an advantageous business relationship. The complaint does not specifically allege the nature of the alleged interference, what advantageous business relationship was interferred with, or where or when the alleged interference occurred; accordingly, the complaint fails to allege the essential facts upon which the claim is based. See Florida-Georgia Chem. Co. v. National Laboratories, Inc., 153 So.2d 752 (Fla. 1st DCA 1963); cf. Sloan v. Sax, 505 So.2d 526 (Fla. 3d DCA 1987); Ocala Loan Co. v. Smith, 155 So.2d 711, 715-16 (Fla. 1st DCA 1963).
Third, in view of the above, the conspiracy count necessarily fails to state a cause of action as no tort is properly alleged which the defendants allegedly conspired to commit. See Liappas v. Augoustis, 47 So.2d 582 (Fla. 1950); Buckner v. Lower Fla. Keys Hosp. Dist., 403 So.2d 1025, 1029 (Fla. 3d DCA 1981), rev. denied, 412 So.2d 463 (Fla. 1982).
Finally, the trial court did not abuse its discretion in dismissing the complaint with prejudice. The plaintiffs had been given four prior opportunities over a period of four years to amend their complaint, and, in each instance, failed to state a cause of action. These four prior ineffective amendment attempts to state a cause of action under the circumstances of this case constitute a sufficient basis for the trial court to conclude that the plaintiffs were incapable of stating a cause of action against these defendants, and, therefore, in dismissing the fourth amended complaint with prejudice. Alvarez v. DeAguirre, 395 So.2d 213, 216 (Fla. 3d DCA 1981); see American Seafood, Inc. v. First Union Nat'l Bank of Fla., 562 So.2d 437 (Fla. 3d DCA), rev. dismissed, 569 So.2d 1278 (Fla. 1990).
The final order of dismissal under review is, in all respects,
Affirmed.