892 So.2d 501 (2004)
ELLIS RUBIN, P.A., and Robert I. Barrar, P.A., and Law Offices of Ellis Rubin and Robert I. Barrar, Appellants,
v.
Raul ALARCON, Jr., Spanish Broadcasting System, Spanish Broadcasting System of Delaware, Inc., Spanish Broadcasting System of Greater Miami, Inc., and Spanish Broadcasting System of New Jersey, Inc., Appellees.
No. 3D04-490.
District Court of Appeal of Florida, Third District.
October 27, 2004.
Rehearing and Rehearing Denied February 23, 2005.
Robert I. Barrar and Ellis Rubin, Miami, for appellants.
Luis M. O'Naghten and Jim Tolpin, Miami, and Greenberg Traurig, P.A., for appellees.
Before SCHWARTZ, C.J., and COPE, and FLETCHER, JJ.
Rehearing and Rehearing En Banc Denied February 23, 2005.
COPE, J.
The appellants ("the attorneys")[1] seek review of an order dismissing, with prejudice, their action for tortious interference with a business relationship. We conclude that the second amended complaint should not have been dismissed and remand for further proceedings.

I.
In the current litigation ("the 2003 case"), the attorneys allege that defendant-appellee Raul Alarcon, Jr., and his companies (individually or collectively, "Alarcon") tortiously interfered with the attorneys' contingency fee agreement with their client, Benito Santiago, during an earlier lawsuit ("the 2000 case"). For present purposes, we accept as true the allegations of the second amended complaint in the 2003 case.
In 2000, the attorneys brought suit on behalf of Santiago against Morena Monge.[2] *502 The attorneys had a written contingency fee agreement with Santiago.
Alarcon was a mutual friend of both Monge and Santiago, and was Santiago's former employer. With Monge's permission Alarcon undertook to act as Monge's agent to try to settle the case directly with Santiago, and met with Santiago several times for that purpose.
According to the second amended complaint:
10.... Raul Alarcon, Jr., on behalf of himself and all of his Spanish Broadcasting Systems, began urging ... Benito Santiago to accept $100,000.00 and other benefits ... in order to drop and withdraw his lawsuit against Morena Monge.
11.... Raul Alarcon, Jr. kept urging and insisting that Mr. Santiago should not tell his attorneys ... what was transpiring between Alarcon and Santiago; that Santiago should advise his attorneys only that he did not want to pursue his lawsuit against Monge. Further, Alarcon agreed to give $6,500.00 for Santiago to give to his attorneys in order to pacify [them].... In addition, Alarcon falsely predicted to Santiago that "Ellis Rubin will keep most of the money you might get from your lawsuit."
12. Between September and November 2000, Raul Alarcon, Jr. confirmed an agreement with Benito Santiago ... to drop his lawsuit against Morena Monge for $100,000.00, representing two years of compensation at $50,000.00 per year, plus payment of $6,500.00 to Mr. Santiago's attorneys, plus expenses to move to Puerto Rico where Mr. Santiago would be given employment by Raul Alarcon, Jr. at a salary of $40,000.00 per year for life.
13. Mr. Alarcon transferred less than one half of the promised funds to Benito Santiago during the year 2000 with Mr. Santiago again promising Raul Alarcon, Jr. that Santiago would agree [with][3] Alarcon's instruction not tell these Plaintiffs about the agreement; only that Mr. Santiago would advise these [attorneys] that he wanted to drop the lawsuit against Morena Monge.
14. [The attorneys] knew nothing of the negotiations and agreement between Raul Alarcon, Jr. and Benito Santiago, when [the attorneys] requested dates from Greenberg Traurig, P.A., (counsel for Monge) for the taking of depositions in Case No. 00-17309. It was at that time, January of 2001, when Greenberg Traurig, P.A. notified [the attorneys] that "during September of 2000, the parties reached an amicable settlement among themselves." Greenberg Traurig, P.A., transmitted to Plaintiff a true copy of a September 29, 2000 GENERAL RELEASE AND SETTLEMENT document executed by Benito Santiago....
R. 76-77. The general release stated that it released Santiago's claims against Monge as well as the corporate appellees.
Upon verifying that the client had entered into this settlement, the attorneys withdrew from further representation of Santiago. Upon motion by Monge, the 2000 case was dismissed with prejudice.[4]
The attorneys then filed this case (the 2003 case) against Alarcon and his companies *503 alleging tortious interference with a business relationship. The attorneys alleged that Alarcon and his companies were aware of the firm's contingency fee agreement with Santiago and unjustifiably interfered with it, causing them the loss of their fee. The trial court dismissed the second amended complaint with prejudice, and the attorneys have appealed.

II.
The Florida Supreme Court has stated:
Although parties to an action may, in the absence of fraud and collusion, settle and adjust the same without the intervention of their attorneys, yet this right does not justify clients in perpetrating a fraud on their attorneys.
`The rule that courts look with favor upon a compromise and settlement made by the parties to a suit, to prevent the vexation and expense of further litigation, only applies where all the rights and interests of all of the parties concerned, both legal and equitable, have been respected and observed in good faith. Where the parties negotiate a settlement for the purpose of defrauding the attorney in the collection of his fees, the court will grant such relief as the circumstances of the case may warrant.'
Harper v. Strong, 135 Fla. 10, 184 So. 848, 849-50 (1938) (citation omitted); Mabry v. Knabb, 151 Fla. 432, 10 So.2d 330, 337-38 (1942) (opinion on rehearing); see also Sentco, Inc. v. McCulloh, 84 So.2d 498, 499 (Fla.1955); 4 Fla. Jur.2d Attorneys At Law § 415 (2002).
Available remedies in Florida include an action for tortious interference with a business relationship. See Bankers Multiple Lines Ins. Co. v. Farish, 464 So.2d 530 (Fla.1985); Tamiami Trail Tours, Inc. v. Cotton, 463 So.2d 1126 (Fla.1985); Agudo, Pineiro & Kates, P.A. v. Harbert Constr. Co., 476 So.2d 1311, 1317 (Fla. 3d DCA 1985). The Florida Supreme Court has said that the elements of tortious interference with a business relationship are:
(1) the existence of a business relationship, not necessarily evidenced by an enforceable contract; (2) knowledge of the relationship on the part of the defendant; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) damage to the plaintiff as a result of the breach of the relationship.
Tamiami Trail Tours, Inc., 463 So.2d at 1127; see also Restatement (Second) of Torts § 766 (1979); Phoebe Carter, Annotation, Liability in Tort for Interference with Attorney-Client Relationship, 90 A.L.R.4th 621, 1991 WL 741670 (1991).
A cause of action has sufficiently been pled here. The second amended complaint sets forth an attorney-client relationship and contingency fee agreement. The second amended complaint also alleges the elements of knowledge, intentional and unjustified interference, and damage.
Alarcon argues that the third element is not satisfied. He correctly points out that "parties to a matter may communicate directly with each other...." R. Regulating Fla. Bar 4-4.2 comment. Thus, acting as agent for Monge, Alarcon was allowed to communicate directly with Santiago. He is also correct in saying that parties acting in good faith may settle an action without their attorneys. See Sentco, Inc. v. McCulloh, 84 So.2d 498, 499 (Fla.1955); R. Regulating Fla. Bar 4-1.2(a).
What the parties may not do, however, is engage in intentional and unjustified interference by engaging in fraud or collusion. See Harper, 184 So. at 849-50. The second amended complaint alleges that Alarcon and Santiago engaged in fraud and collusion by falsely representing that Santiago had simply dropped the 2000 *504 case, while concealing that the settlement of 2000 case involved a promise to pay Santiago substantial sums.
For the stated reasons, we reverse the judgment and remand for further proceedings consistent herewith.[5]
NOTES
[1] Appellants Ellis Rubin, P.A. and Robert I. Barrar, P.A., are partners operating under the name, "The Law Offices of Ellis Rubin and Robert I. Barrar."
[2] Santiago v. Monge, Miami-Dade County Circuit Court case number 00-17309.
[3] The second amended complaint states "without" but this was evidently a typographical error. The proposed third amended complaint says "with."
[4] Santiago later attempted unsuccessfully to obtain relief from judgment in the 2000 case.
[5] Although it makes no difference to the outcome of the appeal, we agree with the trial court that the provision in the contingency fee agreement whereby the client agrees "not to settle this matter without the prior written approval of the LAW FIRM" is void. Under the Florida Rules of Professional Conduct, "[a] lawyer shall abide by a client's decision whether to make or accept an offer of settlement of a matter." R. Regulating Fla. Bar 4-1.2(a). Thus, the law firm cannot condition the client's right to settle on the law firm's giving prior written approval. The trial court was entirely correct in so stating, and in ruling that the law firm could not base its cause of action on this part of the contingency fee agreement.