922 So.2d 355 (2006)
NETWORKIP, LLC, etc., Appellant,
v.
SPREAD ENTERPRISES, INC., Appellee.
No. 3D05-1150.
District Court of Appeal of Florida, Third District.
March 1, 2006.
*356 Goldstein, Tanen & Trench and Susan E. Trench, Miami, for appellant.
Wites, Kapetan & Friedland and Marc A. Wites and Alex N. Kapetan, Jr., Lighthouse Point, for appellee.
Before GERSTEN, GREEN, and SUAREZ, JJ.
SUAREZ, J.
Networkip, LLC ("Network") appeals a final judgment for damages in favor of the appellee, Spread Enterprises, Inc. ("Spread"), entered after summary judgment on liability in favor of Spread. Network argues on appeal that the trial court erred in granting summary judgment in *357 favor of the appellee in contravention of the express terms of an agreement between the parties. We agree and reverse.
On October 9, 2002, Network, a company in the business of selling multi-national telephone minutes for resale via prepaid phone cards, entered into an Agreement with Infinity Holdings, Inc. ("Infinity"), for PIN-Based Services for resale by Infinity to other wholesalers, resellers, or consumers. Pursuant to the terms of the contract, Network had the right to terminate the Agreement in the event that full payment was not made by Infinity on a weekly basis for calls placed by consumers.[1] The "Default" provision of the Agreement also included the right to terminate the Agreement if the "[c]ustomer fails to make payments due pursuant to [t]his Agreement." Paragraph seven restricted the terms and conditions of the contract to Network and Spread,[2] and excluded remedies for liability against Network by other wholesalers or resellers.
Spread purchased PINs provided by Network to Infinity from a company called Astral Communications, Inc., for the purpose of resale to consumers. Spread was required to make payments for use of the phone minutes within sixteen days of activation of the PINs. In late 2002, Infinity became past due on its payments to Network in the amount of approximately $400,000.00. Accordingly, Network terminated the Agreement with Infinity and suspended service. As a consequence of the suspension in service, Spread's customers no longer had access available to them for use of their prepaid minutes. Spread brought the present multiple-count action against Network for damages alleging causes of action for tortious interference with business relationship and breach of third party beneficiary contract. Spread moved for partial summary judgment on liability. Network filed an opposing Motion for Partial Summary Judgment and Reciprocal Motion for Final Summary Judgment. The trial judge granted Spread's motion for partial summary judgment on liability. Network appeals the final summary judgment entered in favor of Spread and the subsequent final judgment for damages in the amount of $79,349.13, entered after a jury verdict.
Network contends on appeal that the trial court erred in entering final judgment on liability in favor of the appellee on counts of tortious interference with business relationship and breach of third party beneficiary contract. Network argues that it had a right to terminate service under the Agreement due to Infinity's failure to keep payments current and that the exercise of that right was justified to protect Network's financial interests. It further contends that it did not breach the Agreement with the alleged third party beneficiary Spread.
The elements of a claim for tortious interference with business relationship are (1) the existence of a business *358 relationship; (2) knowledge of the relationship on the part of the defendant; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) damages to the plaintiff as a result of the breach of the relationship. E.g., Ethan Allen, Inc. v. Georgetown Manor, Inc., 647 So.2d 812 (Fla.1994); J.T.A. Factors, Inc. v. Philcon Servs., Inc., 820 So.2d 367 (Fla. 3d DCA 2002). A cause of action for tortious interference requires a showing of both an intent to damage the business relationship and a lack of justification to take the action which caused the damage. Smith v. Emery Air Freight Corp., 512 So.2d 229 (Fla. 3d DCA 1987); see Ellis Rubin, P.A. v. Alarcon, 892 So.2d 501 (Fla. 3d DCA 2004). Protecting a company's own economic interest to reduce the risk of incurring further loss does not constitute intent to damage within the meaning of a cause of action for intentional interference with business relationship. In re Gen. Plastics, Corp., 158 B.R. 258 (Bankr.S.D.Fla.1993); accord Smith v. Emery Air Freight Corp., 512 So.2d at 229. Network cancelled the contract pursuant to its terms to prevent further financial loss. Therefore, Network's cancellation of the contract, as a matter of law, does not constitute the intent to damage necessary for Spread to maintain a cause of action for intentional interference with a business relationship. Because Spread did not have an existing or prospective contractual right to the business relationship between Network and Infinity, it could not have expected that its services would be continued if payment was not made by Infinity. The fact that Network's exercise of its right to terminate the contract resulted in Spread's customers being unable to access their phone cards did not create a cause of action for tortious interference against Network. The cancellation of service was a consequence of Network's right to cancel the contract. No cause of action for intentional interference exists which is the consequence of a rightful action. See Ethyl Corp. v. Balter, 386 So.2d 1220, 1222 (Fla. 3d DCA 1980). As such, we find that Spread does not have a cause of action for tortious interference with business relationship. See Ethan Allen, Inc. v. Georgetown Manor, Inc., 647 So.2d at 812.
We also reject the argument of the appellee that, even if Network had the right to terminate the contract by its very terms, it was not authorized to deactivate PINs of third parties who had paid in full for their services. A cause of action for breach of third-party beneficiary contract consists of the following elements: (1) existence of a contract; (2) the clear or manifest intent of the contracting parties that the contract primarily and directly benefit the third party; (3) breach of the contract by a contracting party; and (4) damages to the third party resulting from the breach. Biscayne Inv. Group, Ltd. v. Guarantee Mgmt. Servs., Inc., 903 So.2d 251 (Fla. 3d DCA 2005). A third party is considered a beneficiary to the contract only if the contracting parties intend to primarily and directly benefit the third party. Cigna Fire Underwriters Ins. Co. v. Leonard, 645 So.2d 28 (Fla. 4th DCA 1994). As set forth by the Supreme Court in Marianna Lime Prods. Co. v. McKay, 109 Fla. 275, 147 So. 264, 265 (1933), the test is whether the parties to the contract intend that a third person be benefited by the contract, not whether a party to the contract is liable to a third person as a consequence of entering into the agreement. "The intention of the contracting parties, gleaned from the contract itself, is determinative. It is not enough that the ... services ultimately rendered accrue to the [third party]." City of Tampa v. Thornton-Tomasetti, P.C., 646 So.2d 279, 282-83 (Fla. 2d DCA 1994) (citation omitted). Even if the Agreement for PIN services indirectly *359 benefited Spread's customers who had purchased prepaid phone cards, the express intent demonstrated by the Agreement between Network and Infinity is to eliminate third-party actions. Under the clear wording of paragraph seven, the Agreement is between the customer (Infinity) and the provider (Network) only, and wholesalers, resellers and consumers have no rights against the provider. Consequently, we find that because there can be no intended third party to benefit under the Agreement, there is no cause of action for breach of a third party beneficiary contract.
Because the express terms of the PIN Services Agreement between Network and Infinity justify the actions Network took in suspending service to protect Network's financial interests and the terms of the Agreement themselves express the intent of the parties not to give third parties rights under the contract, we hold that the trial court's order granting summary judgment on the appellee's claims for tortious interference with business relationship and breach of third party beneficiary contract was erroneous as a matter of law. We therefore reverse the final summary judgment on liability in favor of Spread and enter summary judgment in favor of the appellant Network on grounds raised in its Motion for Partial Summary Judgment and Reciprocal Motion for Final Summary Judgment. The final judgment in favor of Spread is hereby reversed.
Reversed and remanded with directions.
NOTES
[1] The pertinent provision of the contract states:

Provider shall have the right to suspend Domestic or International Service or terminate the Agreement immediately in the event full payment is not made in accordance with this Agreement. Provider will notify Customer in advance in writing via facsimile and/or electrical mail of intent to suspend or terminate, as well as attempt to contact Customers by phone to allow them reasonable time to rectify any unpaid balances due.
[2] The relevant provision of paragraph 7 states:

7. Liability to other wholesalers or resellers and Customers. Without limitation, this Agreement is between Customer and Provider only and other wholesalers or resellers and Consumers shall have no rights or remedies against Provider.