976 So.2d 688 (2008)
MANZINI & ASSOCIATES, P.A., Appellant,
v.
BROWARD SHERIFF'S OFFICE and Sonya Wimberly, Appellees.
No. 4D07-1055.
District Court of Appeal of Florida, Fourth District.
March 19, 2008.
Nicolas A. Manzini of Manzini & Associates, P.A., Miami, for appellant.
Carmen Rodriguez of Law Offices of Carmen Rodriguez, P.A., Miami, for Appellee-Broward Sheriff's Office.

ON MOTION FOR REHEARING AND WRITTEN OPINION
STONE, J.
We deny Manzini's motion for rehearing, but withdraw our opinion of December 19, 2007, and substitute the following:
We affirm the final judgment dismissing Manzini's attorney's fee claims against his former client. An attorney who is employed under a contingency fee contract and discharged prior to the occurrence of the contingency is limited to a quantum meruit recovery. Here, the plaintiff/appellee, Wimberly, discharged Manzini as her counsel in a civil rights action when she chose to settle and release all of her claims against the Broward Sheriff's Office (BSO), using another attorney, in a worker's compensation case.
Upon learning of the settlement, Manzini filed a motion to set aside the agreement and the release between Wimberly and BSO. Manzini sought leave of court to continue with the civil rights action in Wimberly's name in order to protect his fee claims against BSO under section 760.11, Florida Statutes.
The second attorney testified that at the time of the settlement, he had no information indicating that there was another case pending. The trial court found that none of the attorneys in this case were involved in *689 an attempt to defraud Manzini of his fee. Rather, "[t]he only person who's actions caused this were Ms. Wimberly's[,] whether intentionally or by perhaps we will call it willful blindness for lack of a better description. But she is the only one that caused the problem that we have today." Accordingly, the trial court denied Manzini's motion to sever the agreements and granted BSO's motion to dismiss.
Manzini relies solely on Mabry v. Knabb, 151 Fla. 432, 10 So.2d 330, 337 (1942), for the following proposition:
[W]here the client makes a fraudulent or collusive settlement intended to deprive the attorney of his compensation or cost fees, the attorney will be permitted to proceed with the suit in the client's name for the purpose of protecting his interests.
In Mabry, the supreme court allowed a lessor's attorneys to proceed with the case in the name of their client to ascertain what sum, if any, was owed for legal fees and to recover that amount from a lessee who had entered into a collusive settlement with the lessor designed to defraud the attorneys. Id. at 336-37.
Mabry is distinguishable, as the parties in that case made a collusive settlement. Indeed, the supreme court emphasized that the opposite party in that case (the lessee) had full notice of the status of the attorneys for the lessor. 10 So.2d at 336. The court held:
The parties must be assumed to have had the intent to effectuate the result which all parties knew, or should have known, would flow from their conduct. Therefore, it must be assumed that both the [lessor] and [lessee] when they made the settlement between themselves consummated the same pursuant to the intent of both parties to deprive the attorneys of their vested rights in the premises.
Id.
Here, however, the trial court found that none of the attorneys handling this case were involved in an attempt to defraud Manzini of his fee. Rather, the only person whose intentional actions caused the problem was the client. The record supports these findings.
Sentco v. McCulloh, 84 So.2d 498 (Fla. 1955), also dealt with this issue. In Sentco, the plaintiff's counsel brought an action to continue prosecuting the case for the purpose of recovering his attorney's fee, notwithstanding a settlement agreement between the parties. As here, the plaintiff entered into a settlement and release agreement with the defendant. The supreme court set forth the relevant facts as follows:
At the hearing on the suggestion of defendant's counsel that the suit should be dismissed because of the settlement agreement, counsel for plaintiff opposed the dismissal of the suit on the ground that the settlement agreement was fraudulently made to deprive plaintiff's counsel of a substantial attorneys' fee and on the further ground that `plaintiff's counsel are entitled to a fee assessed against defendants as damages for defendants' willful and deliberate acts of unfair competition.' Their motion to continue the prosecution of the cause for the purpose of recovering their attorneys' fee was denied, and the cause dismissed. This appeal by plaintiff's counsel, in the name of the plaintiff, followed. The sole point for determination here is whether the lower court erred in declining to continue the prosecution of the suit, as requested by plaintiff's counsel. We find no error here.
Id. at 499.
We recognize, however, that Sentco is distinguishable in that the settlement offer *690 was actually communicated through the attorney, and when the plaintiff decided to accept the settlement offer, the plaintiff's president advised the attorneys accordingly. We also note that a successful worker's compensation claim bars the employee from pursuing a damages suit against the employer. See Lowry v. Logan, 650 So.2d 653 (Fla. 1st DCA 1995).
Despite the foregoing, Manzini is not without remedy, as the discharged attorney may still recover a reasonable fee from the client for the work performed by way of quantum meruit. See Rosenberg v. Levin, 409 So.2d 1016 (Fla.1982).
POLEN and MAY, JJ., concur.