# Third District Court of Appeal

## State of Florida

Opinion filed November 22, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-0357
Lower Tribunal No. 22-2926
_____

**Manny Seafood Corporation,**
Appellant,

vs.

**The City of Miami,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Carlos Lopez, Judge.

Coffey Burlington, P.L., and Jeffrey B. Crockett and David A. Freedman, for appellant.

Victoria Méndez, City Attorney, and Kerri L. McNulty, Litigation & Appeals Division Chief, and Marguerite C. Snyder, Assistant City Attorney, for appellee.

Before FERNANDEZ, SCALES and HENDON, JJ.

SCALES, J.

Appellant Manny Seafood Corporation ("Manny Seafood") appeals a final order dismissing, with prejudice, Manny Seafood's amended complaint for lack of standing. Manny Seafood's amended complaint sought a declaration that appellee The City of Miami's (the "City") intended use of a parcel of waterfront property as a public park was prohibited by the terms of a July 22, 2010 Settlement Agreement entered into between the City and the Florida Department of Community Affairs.

Manny Seafood argued that the Settlement Agreement required the property to be used as working waterfront, and that the use of the property as a public park would violate the Settlement Agreement. After unsuccessfully seeking the State to enforce the Settlement Agreement, Manny Seafood brought the instant lawsuit seeking declaratory and injunctive relief. After conducting a January 25, 2023 hearing on the City's motion to dismiss, the trial court entered a detailed, nine-page dismissal order, concluding that Manny Seafood lacked standing to enforce the terms of the Settlement Agreement.

While Manny Seafood owns property near the subject City property, Manny Seafood nevertheless is a stranger to the Settlement Agreement. In fact, the Settlement Agreement specifically states that it is not intended to

2

benefit any person or entity who is not a party to the agreement.[1] It is well settled that, unless a non-party is an intended third-party beneficiary to a contract, the non-party lacks standing to enforce the agreement. <u>Taylor Woodrow Homes Fla., Inc. v. 4/46-A Corp.</u>, 850 So. 2d 536, 544 (Fla. 5th DCA 2003) ("A third party may sue under a contract as an intended third party beneficiary only if the parties express, or the contract clearly expresses, the intention to primarily and directly benefit the third party."); <u>see</u> <u>Venezia Lakes Homeowners Ass'n v. CSX Transp., Inc.</u>, 43 So. 3d 93, 95 (Fla. 3d DCA 2010) (observing that the subject agreement expressly excluded third-party beneficiaries, and declaring: "Under Florida Law, a third party is considered a beneficiary of the contract <u>only</u> if the contracting parties intended to primarily and directly benefit the third party.").

Relying on the definition of "aggrieved and adversely affected party" contained in section 163.3215 of the Florida Statutes,[2] Manny Seafood

---

[1] Paragraph 14 of the Settlement Agreement reads as follows: "Nothing in this Agreement shall be deemed to affect the rights of any person not a party to this Agreement. This Agreement is not intended to benefit any third party."

[2] In relevant part, section 163.3215 reads as follows:

> [T]he term "aggrieved or adversely affected party" means any person . . . that will suffer an adverse effect to an interest protected or furthered by the local government comprehensive plan . . . . The alleged adverse interest may be shared in common with other members of the community at large but must exceed

3

argues that, notwithstanding its status as a non-party to the Settlement Agreement, it is an "adversely affected party" by virtue of the City's alleged violation of the Settlement Agreement. Section 163.3215, though, provides the exclusive mechanism for an aggrieved party to challenge a development order for an alleged inconsistency with a municipality's comprehensive plan. See § 163.3215(1), Fla. Stat. (2023). For the purposes of invoking this statute, a "[d]evelopment order" is "any order granting, denying or granting with conditions an application for a development permit." § 163.3164(15), Fla. Stat. (2023). Manny Seafood's complaint does not suggest, much less allege, that the City's proposed use of the subject property as a public park constitutes a "development order" so as to implicate section 163.3215; therefore, this statute provides no basis for Manny Seafood to assert standing to seek a declaration that the City's intended use of its property as a park violates the Settlement Agreement.

Affirmed.

---

in degree the general interest in community good shared by all persons. The term includes the owner, developer, or applicant for a development order.

§ 163.3215(2), Fla. Stat. (2023).

4